| | |
|---|---|
| **From:** | Jacqueline Greene |
| **To:** | Aumann, Matthew |
| **Cc:** | Sarah Gelsomino; Ellen Euclide; Menzalora, William; Blomgren, Gilbert; kcalderone; jlatchney; John R. Chlysta (Work) |
| **Subject:** | RE: Sailor v. Cleveland, et al. |
| **Date:** | Wednesday, July 12, 2023 11:48:24 AM |
| **Attachments:** | image002.png |

Counsel:

Thank you for your response, Matt. Plaintiff is entitled to proceed on deposing the City in relation to Topic 9, with the other topics stayed until we reach *Monell* discovery in the case.

First, it is true that discovery on Plaintiff's *Monell* claim is stayed. However, that does not mean that discovery about information in possession of the City relevant to claims against the individual defendants is stayed:

> The court stayed "discovery relating to the *Monell* and municipal liability claims, as well as staying any proceedings, such as summary judgment, on such claims." (Order, Doc. 56, PID#589). As a result, Plaintiff understands that we cannot seek discovery on those *Monell* claims. However, because Plaintiff's other claims are *not* stayed, the City, like any other person, can be deposed regarding those non-stayed claims because Rule 30 of the Federal Rules of Civil Procedure permits a party to "depose any person" "by oral questions" and that includes organizations. Fed. R. Civ. P. 30(a)(1), (b)(6). Thus, the status of the claims against the City are irrelevant to Plaintiff's entitlement to depose fact witnesses regarding the non-stayed claims. In fact, Plaintiff would be entitled to depose the City regarding the claims against the other Defendants even if the City was not a party to the litigation at all; Rule 30(b)(6) explicitly contemplates deposes of non-party organizations. As a result, the fact that the *Monell* claims are stayed poses no roadblock to deposing the City regarding the non-stayed claims.

Second, the City's position that Topic 9 is not appropriate for a 30(b)(6) deposition "because there are fact witnesses available" is incorrect:

> Rule 30(b)(6) provides that a party may issue a deposition notice to a public or private corporation, partnership, association, governmental agency, or other entity. Fed. R. Civ. P. 30(b)(6). The testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation, not the individual witness, and thus the testimony of a Rule 30(b)(6) witness is different from that of a "mere corporate employee." *Dawkins v. Knight Specialty Ins. Co.*, No. 1:20-cv-00091-GNS-HBB, 2021 WL 2346016, at *2 (W.D. Ky. June 8, 2021). Unlike fact witnesses, Rule 30(b)(6) witnesses "bind the entity that they are representing and are responsible for providing all of the relevant information known or reasonably available to the entity." *White v. City of Cleveland*, 417 F. Supp. 3d 896, 909 (N.D. Ohio 2019). Thus, as the City should know, a Rule 30(b)(6) topic "is not deemed duplicative … simply because it pertains to past discovery from regular fact witnesses." *Id.* (collecting authorities).
>
> Thus, the availability of other fact witnesses "does not ordinarily relieve a corporation" from being deposed. *Schnatter v. 247 Group, LLC*, 343 F.R.D. 325, 333 (W.D. Ky. 2022) (denying motion to quash 30(b)(6) deposition of non-party corporation). Likewise, past or future document production "is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." *Penman v. Correct Care Solutions, LLC*, No. 5:18-cv-00058, 2021 WL 3134255, *4 (W.D. Ky. July 23, 2021), citing *Ronnoco Coffee, LLC v. Castagna*, No. 4:21-CV-00071, 2021 WL 2105000, at *2 (E.D. Mo. May 25, 2021). As a result, the availability of other fact witnesses does not excuse the City from being deposed.
>
> The cases cited by the City do not support otherwise. *First Fin. Bank Nat'l Ass'n v. Williams*, No. 519CV00128TBRLLK, 2021 WL 5085346, at *3 (W.D. Ky. Nov. 2, 2021), does not stand for the stated proposition, and in fact, does not concern 30(b)(6) depositions at all, because "the testimony sought" in *First Fin.* was "not the corporation's." *Id.* Notably, *First Fin.* explicitly acknowledges that the existence of "a fact witness" does "not excuse a corporate witness." *Id.*, citing *White*, 417 F. Supp. 3d at 909.
>
> Finally, *Jones v. Hernandez*, No. 16-CV-1986-W(WVG), 2018 WL 539082, at *2 (S.D. Cal. Jan. 23,

EXHIBIT C

2018), objections overruled, No. 16-CV-1986 W (WVG), 2018 WL 1981207 (S.D. Cal. Apr. 27, 2018) states only that sometimes a 30(b)(6) deposition can be overbroad and burdensome relative to the actual evidence sought as defined in the notice topic. It does not stand for a categorical rule that a 30(b)(6) is not appropriate when there are fact witnesses. Specifically, in *Jones*, the plaintiff sought evidence on the topic of "the structure and chain of command of the Imperial Beach Border Patrol station." The defendants had already produced "extensive, detailed lists of Border Patrol personnel who were assigned to shifts around the events of this case as well as deposition testimony of various agents and supervisors." Plaintiff argued this was insufficient because he sought "the supervisors' roles and responsibilities," rather than the "actual staffing," but the court found this overbroad and burdensome "[g]iven the narrow stated purpose of Topic 1." In our case, *Jones* does not support the categorical excusal of the City from being deposed merely because there are other fact witnesses.

If you want to discuss this further, please give me a call. Otherwise, please let us know when a designee of the City will be available to testify.

Thank you,
Jacqueline

---

**From:** Aumann, Matthew <MAumann@clevelandohio.gov>
**Sent:** Friday, June 30, 2023 3:31 PM
**To:** Jacqueline Greene <jacqueline@FGGfirm.com>
**Cc:** Sarah Gelsomino <sarah@FGGfirm.com>; Ellen Euclide <Ellen@FGGfirm.com>; Menzalora, William <WMenzalora@clevelandohio.gov>; Blomgren, Gilbert <GBlomgren@clevelandohio.gov>; kcalderone <kcalderone@hcplaw.net>; jlatchney <jlatchney@hcplaw.net>; John R. Chlysta (Work) <jchlysta@hcplaw.net>
**Subject:** RE: Sailor v. Cleveland, et al.

Thanks, Jacqueline.

My understanding is that discovery on the City is stayed. I just reread the Court's order. It's attached here.

I don't see anything that would allow discovery on the City.

But even if you get past that, Topic 9 is not appropriate for a 30(b)(6) deposition anyway because there are fact witnesses available. *See Jones v. Hernandez*, No. 16-CV-1986-W(WVG), 2018 WL 539082, at *2 (S.D. Cal. Jan. 23, 2018), *objections overruled*, No. 16-CV-1986 W (WVG), 2018 WL 1981207 (S.D. Cal. Apr. 27, 2018); *see also First Fin. Bank Nat'l Ass'n v. Williams*, No. 519CV00128TBRLLK, 2021 WL 5085346, at *3 (W.D. Ky. Nov. 2, 2021).

We would need to do any sort of formal response as a team. But if you see a way around these roadblocks, it would inform our discussion.

Matt

Matthew R. Aumann
Assistant Director of Law
City of Cleveland
601 Lakeside Ave. E., Room 106
Cleveland, Ohio 44114-1077

EXHIBIT C

(216) 664-2675/ Fax (216) 664-2663
maumann@clevelandohio.gov



**From:** Jacqueline Greene <jacqueline@FGGfirm.com>
**Sent:** Friday, June 30, 2023 3:13 PM
**To:** Menzalora, William <WMenzalora@clevelandohio.gov>; Blomgren, Gilbert <GBlomgren@clevelandohio.gov>; Aumann, Matthew <MAumann@clevelandohio.gov>; kcalderone <kcalderone@hcplaw.net>; jlatchney <jlatchney@hcplaw.net>; John R. Chlysta (Work) <jchlysta@hcplaw.net>
**Cc:** Sarah Gelsomino <sarah@FGGfirm.com>; Ellen Euclide <Ellen@FGGfirm.com>
**Subject:** Sailor v. Cleveland, et al.

> **CAUTION:** This email originated from outside of the City of Cleveland. Do not click on links or open attachments unless you recognize the sender and know that the content is safe. If you believe that this email is suspicious, please forward to phishing@clevelandohio.gov.

Counsel:

In light of the Court's ruling on the City's motion to bifurcate and stay *Monell* discovery, we need to wrap up fact discovery relating to the individual defendants. Attached are (1) a notice of deposition for Melvin Smith and (2) an amended FRCP 30(b)(6) notice to the City. We recognize that topics 1 through 8 in the FRCP 30(b)(6) are stayed in light of the Court's order, but we do need to proceed on topic 9 now and then reconvene later on the remaining topics when we are able to go forward on discovery relating to the *Monell* claim. Please let us know your availability in July and August for these depositions.

Hope you all have a good holiday weekend.

Thanks,
Jacqueline

**Jacqueline Greene**
(she/her)
jacqueline@FGGfirm.com

35 East 7th Street, Suite 201
Cincinnati, Ohio 45202

T: 513.572.4200
F: 216.621.0427

FGGfirm.com
instagram | facebook | linkedin

EXHIBIT C



EXHIBIT C