FILED
DIVISION

2003 JUN 19 A 11: 00

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CASE NO. CR435700
(JUDGE NANCY MCDONNELL)

STATE OF OHIO, :

    Plaintiff, :

vs. : **MOTION FOR A NEW TRIAL**

RU-EL SAILOR. :

    Defendant. :

\*     \*     \*

Now comes the defendant, Ru-El Sailor, pursuant to Rule 33 of the Ohio Rules of Criminal Procedure, and moves that the court grant a new trial.

Defendant states that he is entitled to a new trial because the verdict is contrary to law and contrary to the evidence; that defendant was convicted of the indicted offense but was not guilty of that offense; that the alleged aider and abettor was convicted of a lesser degree of murder; that it would be inconsistent to state that the aider and abettor in a murder while the principal offender was guilty the higher degree of the offense.

Defendant is further entitled to a new trial by reason of newly discovered evidence. The newly discovered evidence consists of an admission against interest made by co-defendant, Cordell Hubbard, after the jury returned a verdict in this case. Cordell Hubbard, at that point, for the first time, admitted to defendant that he was the shooter and that defendant was not guilty of the offense because defendant was not even present when the offense occurred and that defendant had nothing to do with death of Omar Clark.

This constitutes newly discovered evidence because it was discovered after the trial of this case. Defendant states that this is an admission against interest and would be admissible at a trial. The Ohio Supreme Court considered admission against interest made by a co-defendant when offered by the prosecution in State v. Gilliam, 70 Ohio St.3d 17, 635 N.E.2d 1242 (1994). In Gilliam a court admitted at defendant's trial a statement made by a co-defendant who refused to testify. The co-defendant made a taped confession admitting to the offense and implicating defendant. The Supreme Court ruled that this constituted a statement against interest:

> Pursuant to Evid.R.804(B)(3), a statement maybe admitted as an exception to the hearsay rule if the declarant is unavailable and it is a "statement against interest." To qualify as a statement against interest, it must be shown that the statement "tended to subject" the declarant to criminal liability so that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. ... 70 Ohio St.3d at 20, 635 N.E.2d at 1245.

Clearly the admission by Cordell Hubbard constituted a statement against the penal interest of Cordell Hubbard. Obviously, at the trial of this case, defendant had not right to call Cordell Hubbard as a witness. Cordell Hubbard was a co-defendant who was being jointly tried. Cordell Hubbard had an absolute right against self-incrimination and could refuse to testify and would likely refuse to testify because he was unavailable. This evidence only became available after the trial and thus it constituted newly discovered evidence.

In Chambers v. Mississippi, 410 U.S.284 (1973), the Supreme Court considered the overriding constitutional right of a defendant to present a defense. In Chambers the Supreme Court ruled that an oral confession to a murder for which the defendant was charged and which admission was later repudiated was admissible evidence notwithstanding any restrictions of the hearsay rule. Thus. **"the exclusion of this critical evidence, ..., denied him [defendant] a trial in accord with**

**traditional and fundamental standards of due process. ..."** 410 U.S. at 302. The same result must be reached in this case. Defendant had a constitutional right to present a defense.

PAUL MANCINO, JR. (0015576)
Attorney for Defendant
75 Public Square, #1016
Cleveland, Ohio 44113-2098
(216) 621-1742

## SERVICE

A copy of the foregoing Motion For a New Trial has been sent to William D. Mason, Attorney for Plaintiff, on this ___19th___ day of ___June___, 2003.

PAUL MANCINO, JR. (0015576)
Attorney for Defendant

RSailor.NewTrial

**STATE OF OHIO** :
:SS
**CUYAHOGA COUNTY:**

RECEIVED FOR FILING
JUN 1 9 2003
AFFIDAVIT GERALD E. FUERST, CLERK
BY_____ DEP.

I, **Ru-El Sailor,** having been first sworn, deposes and states that he is the defendant in Case No. CR435700 now pending before the Honorable Nancy R. McDonnell, Judge of the Court of Common Pleas of Cuyahoga County.

(POSTED)

1. Affiant states that he was jointly tried along with co-defendants, Cordell Hubbard and Nichole Hubbard, separately represented by counsel.

2. Affiant states that at the trial he was the only defendant who testified in his own behalf and neither Cordell Hubbard nor Nichole Hubbard testified on their own behalf.

3. Affiant states that on June 5, 2003, the jury returned verdicts of guilty in open court.

4. Affiant states that at the conclusion of the trial, the co-defendant Cordell Hubbard turned to him and said for the first time that he was going to tell the truth and get affiant out of this as affiant had nothing to do with the shooting of Omar Clark.

5. Affiant states that Cordell Hubbard stated to him that he was going to talk to his lawyer about this; that Cordell Hubbard stated to him that he, Cordell Hubbard, was the shooter and that affiant was not even present.

RS 6/19/03
CORDELL HUBBARD

6. Affiant states that the only person who was present with ~~him~~ was named "Will" that he, would do his best to get Will to come in or make an affidavit to that effect; that Cordell Hubbard arrived on the scene with "Will" and that Cordell Hubbard was the shooter and that affiant had nothing to do with the shooting as he was not even present at the time of the shooting; that two persons referred by the various witnesses were Cordell Hubbard and "Will"; that Cordell Hubbard told him that he was the one who did the shooting; that "Will" was with him.

RS 6/19
CORDELL
HUBBARD

7. Affiant states this is the first time that he learned of this information and the first time it was available to him and that it constitutes new discovered evidence as it was discovered after the trial of this case.

**FURTHER AFFIANT SAYETH NAUGHT.**

X _____ 6/18/03
**RU-EL SAILOR**

**SWORN TO AND SUBSCRIBED**, in my presence ~~on this~~ 18th day of **June, 2003.**

_____
**Notary Public**

NO
**Expiration Date**

RSailor.Afidavit1