

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. CR 435700 |
| | ) | |
| Plaintiff | ) | JUDGE NANCY R. McDONNELL |
| | ) | |
| -vs- | ) | |
| | ) | **PARTIES' JOINT MOTION** |
| RU-EL SAILOR | ) | **TO VACATE CONVICTION** |
| | ) | |
| Defendant | ) | |

Now comes Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, by and through his undersigned assistants, on behalf of the State of Ohio, and undersigned counsel for Ru-El Sailor, to respectfully move this Court for an order vacating Defendant Ru-El Sailor's convictions and granting him a new trial in accordance with Criminal Rule 33(D). The parties respectfully request Defendant Ru-El Sailor be returned to Cuyahoga County from Southern Ohio Correctional Facility and that a plea hearing be scheduled forthwith. The reasons for this motion are set forth in the attached Brief. The parties respectfully and jointly submit this motion.

Respectfully submitted,

MICHAEL C. O'MALLEY
CUYAHOGA COUNTY PROSECUTOR

RUSSELL W. TYE (0067238)
JOSE A. TORRES (0063686)
Assistant Prosecuting Attorneys
Conviction Integrity Unit
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7800

1

## **BRIEF**

Defendant Ru-El Sailor was convicted in July 2003, of murdering Omar Clark. During the later evening hours on November 16, 2002 going into the early morning hours of November 17, 2002, Omar Clark and his friend, Clark Lamar Williams, were socializing, consuming alcohol, and using illegal drugs with co-defendant Nichole Hubbard, Maria Whitlow, and Ellen Taylor ("Puddin"). Williams borrowed twenty dollars from Hubbard to purchase illegal drugs with the promise to pay her the money back, in full, upon being returned to Englewood Avenue in the city of Cleveland. When Clark and Williams arrived on Englewood Avenue, Williams paid Hubbard half of the money owed to her and this upset Hubbard.

Hubbard immediately telephoned her brother, co-defendant Cordell Hubbard, and explained how Williams failed to pay her all of her money. As Clark and Williams walked down Englewood Avenue, they were suddenly approached by a speeding vehicle. Co-defendant Cordell Hubbard hurriedly got out of the vehicle and confronted Williams for disrespecting his sister. An argument ensued and Williams fled the scene. As Williams ran, he heard a series of gunshots. A short time later, Williams returned to the area of the argument at 10524 Englewood where he found Omar Clark's body lying in the street. Omar Clark sustained eleven gunshot wounds to his torso and lower extremities. In the early hours of November 17, 2002, Omar Clark was pronounced dead at the hospital after therapeutic measures failed.

2

At the sentencing hearing in July 2003, co-defendant Cordell Hubbard, for the first time, informed the Court that defendant Ru-El Sailor was not present during the shooting death of Omar Clark. Ru-El Sailor apologized to the victim's family for their loss but professed his innocence. Ru-El Sailor was sentenced to an aggregate mandatory sentence of 25 years to life in prison.

In August, 2003, Ru-El Sailor filed a motion for new trial and attached co-defendant Cordell Hubbard's affidavit as an exhibit. Hubbard gave sworn affidavit testimony that Sailor was not present during Clark's murder and that he, Cordell Hubbard, actually shot and killed Clark in self-defense. On September 4, 2003, Hubbard testified in Sailor's motion for new trial hearing consistent with his affidavit testimony. The Court denied Sailor's motion for new trial at the conclusion of the hearing. Ru-El sailor unsuccessfully appealed to the Eighth District Court of Appeals (State v. Sailor, 8th Dist. Cuyahoga No. 83552).

In January 2017, defendant Ru-El Sailor requested that the Cuyahoga County Prosecutor's Office, Conviction Integrity Unit ("CIU"), re-evaluate his application for relief. The CIU accepted the request and initiated an in-depth investigation of the evidence in this case. The CIU initially reviewed Sailor's re-submitted application along with the accompanying exhibits containing affidavits, letters and polygraph examinations of several individuals. Further, the CIU both interviewed and attempted to interview witnesses, reviewed the entire case file, reviewed all the evidence, reviewed

3

the transcripts of pre-trial motion hearings, trial transcripts, post-trial transcripts, post-conviction motions, and the appellate record. The CIU also spent hours with one of its law enforcement partners concerning this investigation and the reliability of the eyewitness evidence in this case.

More recently, the CIU interviewed two critical witnesses, one witness-victim, being Williams. As mentioned, Williams was shot in the buttock the night of the murder. The other witness, William Sizemore, never testified at trial or any motion hearing in this case nor was he ever interviewed by law enforcement or prosecutors in this case.

Williams now indicates that his identification of defendant Sailor was unreliable. Specifically, Williams states that the only reason he identified Sailor was because his friend and intimate partner Taylor ("Puddin") told him that Sailor was present with co-defendant Cordell Hubbard at Clark's killing. Thus, Williams trusted Taylor and testified that Sailor was the person with the gun and the probable shooter. Williams further admitted that he was high on PCP and alcohol on the night in question and only got a "glimpse/glance" at the probable shooter for a few seconds. As such, Williams now indicates that he cannot identify the shooter currently (2018) nor could he reliably identify the shooter in court in 2003. Williams further admitted that he never told anyone, including the prosecutors or detectives, the basis for his identification of Sailor.

The CIU interviewed William Sizemore as part of its in-depth investigation. Sizemore confirmed that he was the person with co-defendant Cordell Hubbard on the

4

night of Clark's murder. Sizemore indicated that he observed Hubbard shoot and kill Clark and that he tried to stop Hubbard from shooting Clark. Specifically, Sizemore tried to explain to Hubbard that night that Clark was his friend and he viewed Clark like a family member in that Clark was dating Sizemore's cousin, Marquetta Sizemore, and they shared a child together. Id. Sizemore indicates that after Williams ran, Hubbard suddenly started shooting and killed Clark. Id. Sizemore unequivocally states that Ru-El Sailor was not present during Clark's murder. Interestingly, Sizemore told Omar Clark's brothers, Umar Clark and Rasheed Mathis, the same information fifteen years ago (Umar and Rasheed confirmed this information during their recent interviews with the CIU and the brothers admitted they never disclosed this information to anyone including the prosecutors and detectives in the case.

Based upon the CIU's in-depth investigation including, but not limited to, the recent interviews of Williams, Umar Clark, Rasheed Mathis, and William Sizemore, the State of Ohio and counsel for Ru-El Sailor are moving to vacate the convictions of Ru-El Sailor. Umar Clark and Rasheed Mathis, as the victim's family representatives, fully support vacating Sailor's conviction. Consequently, the Cuyahoga County Prosecutor's Office believes that the original theory of this case as presented at trial cannot be upheld and that Ru-El Sailor's convictions cannot withstand scrutiny. Accordingly, the State of Ohio and counsel for Ru-El Sailor ask this Court to vacate Sailor's conviction, order him immediately transported to the Cuyahoga County Jail, and conduct a plea hearing (See

5

Notice of Parties' Agreement). The undersigned assistants have spoken with Sailor's defense counsel who indicated the defense's support and joins in this motion as a party.

Criminal Rule 33(D) dictates, "When a new trial is granted by the trial court, or when a new trial is ordered on appeal, the accused shall stand trial upon the charge or charges of which he was convicted." As a plea agreement has already been reached by these parties, the State of Ohio further requests that a plea hearing be scheduled forthwith.

Respectfully submitted,

**MICHAEL C. O'MALLEY**
**CUYAHOGA COUNTY PROSECUTOR**

RUSSELL W. TYE (0067238)
**JOSE A. TORRES (0063686)**
Assistant Prosecuting Attorneys
Conviction Integrity Unit
The Justice Center, Courts Tower
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113
(216) 443-7800

Kimberly Kendall Corral (0089866)
Baioni Corral, LLP
4403 St. Clair Avenue
Cleveland, Ohio 44113
(216) 926-7285
Fax: (216) 373-0049
COUNSEL FOR RU-EL SAILOR

6

_____
Jennifer Paschen Bergeron (0075204)
Ohio Innocence Project
College of Law
University of Cincinnati
P.O. Box 210040
Cincinnati, Ohio 45221
(513) 556-0752
Fax: (513) 556-0702
COUNSEL FOR RU-EL SAILOR

Mark A. Godsey (0074484) *per authorization by Jenn Paschen Berg*
Ohio Innocence Project
College of Law
University of Cincinnati
P.O. Box 210040
Cincinnati, Ohio 45221
(513) 556-075
Fax: (513) 556-0702
COUNSEL FOR RU-EL SAILOR

7

## CERTIFICATE OF SERVICE

A copy of the foregoing Parties' Joint Motion to Vacate Conviction has been sent by electronic service and/or regular U.S. Mail this 28th day of March, 2018, to the following:

Kimberly Kendall Corral
Baioni Corral, LLP
4403 St. Clair Avenue
Cleveland, Ohio 44113
(216) 926-7285
Fax: (216) 373-0049
COUNSEL FOR RU-EL SAILOR

Jennifer Paschen Bergeron
Ohio Innocence Project
College of Law
University of Cincinnati
P.O. Box 210040
Cincinnati, Ohio 45221
(513) 556-0752
Fax: (513) 556-0702
COUNSEL FOR RU-EL SAILOR

Mark A. Godsey
Ohio Innocence Project
College of Law
University of Cincinnati
P.O. Box 210040
Cincinnati, Ohio 45221
(513) 556-075
Fax: (513) 556-0702
COUNSEL FOR RU-EL SAILOR

**RUSSELL W. TYE (0067238)**
**JOSE A. TORRES (0063686)**
Assistant Prosecuting Attorneys

8