

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 27, 2020 19:04**

By: JACQUELINE GREENE 0092733

Confirmation Nbr. 1977344

RU-EL SAILOR                                           CV 20 931518

vs.
                                              **Judge:** SHERRIE MIDAY
STATE OF OHIO

**Pages Filed:** 7

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **RU-EL SAILOR,**<br>c/o Friedman & Gilbert<br>50 Public Square, Suite 1900<br>Cleveland, OH 44113,<br><br>   Plaintiff,<br><br> -vs-<br><br>**STATE OF OHIO,**<br>Serve: Ohio Attorney General Dave Yost<br>30 E. Broad Street, 14th Floor<br>Columbus, OH 43215,<br><br>   Defendant. | Judge<br><br>Case No.<br><br><br><br>**COMPLAINT:**<br><br>**WRONGFULLY IMPRISONED INDIVIDUAL UNDER R.C. § 2743.48(A)** |

  For his Complaint, Plaintiff Ru-el Sailor states as follows:

  1. Plaintiff Ru-el Sailor is an innocent man who was convicted and imprisoned for years for a murder he did not commit.

  2. After Sailor's trial in July 2003, his co-defendant testified at sentencing that Sailor had not been present during the murder of Omar Clark. But his conviction was not overturned.

  3. Years later, the Cuyahoga County Prosecutor's Office Conviction Integrity Unit reexamined Sailor's conviction, reviewing affidavits, interviews, along with the entire file and all evidence in the case.

  4. In 2018, the State and Sailor jointly moved to vacate his conviction.

5.	The State asserted in the motion to vacate that its theory of the case at trial could not be upheld and that Sailor's convictions could not withstand scrutiny.

6.	On March 28, 2018, Ru-el Sailor's conviction for murder was vacated and he was freed from prison.

7.	Accordingly, Sailor is a wrongfully imprisoned individual under R.C. § 2743.48(A).

8.	Sailor brings this declaratory judgment action seeking an order declaring him a "wrongfully imprisoned individual" pursuant to R.C. § 2743.48.

**Background**

9.	On April 3, 2003, Ru-el Sailor pled not guilty to a 13-count indictment in relation to the murder of Omar Clark, who was shot and killed on November 17, 2002, in Cleveland, Ohio.

10.	The indictment charged Sailor with: (1) aggravated murder with firearm specifications; (2) complicity in commission of aggravated murder with firearm specifications; (3) murder with firearm specifications; (4) complicity in commission of a murder with firearm specifications; (5) kidnapping with firearm specifications; (6) complicity to commit kidnapping with firearm specifications; (7) kidnapping with a firearm specification; (8) complicity to commit kidnapping with firearm specifications; (9) felonious assault with a firearm specification; (10) felonious assault with a firearm specification; (11) complicity to commit felonious assault with a firearm; (12) complicity to commit felonious assault with a firearm; (13) weapons under disability.

11.	Just one and one-half months after the indictment against Sailor was issued, on May 21, 2003, a jury trial commenced on counts one through twelve, with trial on Count 13 bifurcated.

12.	The trial lasted seven days. Sailor testified in his own defense.

13.	Sailor maintained his innocence throughout the trial.

14. On June 5, 2003, the jury found Sailor guilty on all thirteen counts. On July 24, 2003, the court found Sailor not guilty of Count 13.

15. On July 24, 2003, Sailor was sentenced to: three years' mandatory time on each gun specification, to run concurrent to each other; twenty years to life on Counts 1 and 2; fifteen years to life on Counts 3 and 4; three years on each of Counts 5, 6, 7, and 8; and two years each on Counts 9, 10, 11, and 12. The Court merged Counts 1, 2, 3, and 4. The Court also merged Counts 5, 6, 7, 8, 9, and 11. The Court ordered Counts 1 through 9 and 11 to be served concurrently. The Court merged Counts 10 and 12, as well, to be served concurrent to one another but consecutive to the sentences for Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, and 11. In total, Sailor faced three years on the gun specifications, plus twenty years to life on Counts 1 through 9 and 11, and two years on Counts 10 and 12. In sum, he was sentenced to prison for 28 years to life. He received jail time credit for 113 days.

16. Sailor steadfastly maintained his innocence throughout his arrest, trial, and imprisonment.

17. Sailor's co-defendant, Cordell Hubbard, admitted at sentencing in July 2003 that Sailor had not been present during the murder of Omar Clark.

18. In August 2003, Sailor filed a motion for new trial and attached an affidavit from Hubbard stating that it was Hubbard—and not Sailor—who actually shot and killed Omar Clark. Hubbard again testified in the affidavit that Sailor was not present for the murder.

19. On September 4, 2003, a hearing was held on Sailor's motion for new trial.

20. At that hearing, Hubbard testified consistently with his affidavit.

21. In spite of this new evidence, however, the trial court denied Sailor's motion and left him imprisoned for a murder he did not commit.

22. The Eighth District Court of appeals subsequently affirmed the trial court's denial of Sailor's motion. *State v. Sailor*, 8th Dist. Cuyahoga No. 83552.

23. Years passed. Sailor maintained his innocence. He continued to try to free himself from the terror of wrongful conviction and imprisonment.

24. In January 2017, Sailor asked the Cuyahoga County Prosecutor's Office Conviction Integrity Unit (CIU) to reexamine his 2003 conviction.

25. The CIU accepted Sailor's request and initiated an investigation, reviewing transcripts, affidavits, the prosecutor's entire file, and all evidence in the case. The CIU interviewed several people, including Clark Lamar Williams and William Sizemore, who were present at the murder of Omar Clark.

26. The CIU also interviewed family members of Omar Clark. These family members of the victim supported vacating Sailor's conviction.

27. The State ultimately concluded that the State's theory of the case at trial could not be upheld and that Sailor's convictions could not withstand scrutiny.

28. On March 28, 2018, Sailor and the State of Ohio filed a joint motion to vacate his conviction based on new evidence demonstrating Sailor's innocence of allegations underlying the charges contained in the original indictment.

29. The Court granted the joint motion to vacate on March 28, 2018.

30. In a hearing on the same day, the State nollied Counts 1, 2, 4, 6, 7, 8, 9, 10, 11, and 12.

31. The State amended Count 3 of the indictment to Perjury, R.C. 2921.11(A), a felony of the third degree, and amended Count 5 of the indictment to Obstructing Justice, R.C. 2921.32(A), a felony of the third degree.

32. The amended Counts 3 and 5 charged Sailor not for Omar Clark's murder nor for Sailor's conduct on the night of Clark's murder, but instead for a separate, later event—Sailor's conduct at trial.

33. Sailor entered a plea of guilty to the amended indictment on Counts 3 and 5.

34. Also at the hearing on March 28, 2018, the Court imposed a sentence for the amended Counts 3 and 5 and ordered Sailor released from prison.

35. On March 28, 2018, Ru-el Sailor again became a free man.

36. From the date of his arrest in 2003 until February 28, 2018, Sailor remained continuously imprisoned. Sailor was imprisoned in a state correctional institution from 2003 through 2018.

37. No appeal is pending concerning Sailor's convictions under the original indictment.

38. The State of Ohio has not sought any appeal of right or upon leave of court concerning Sailor's convictions under the original indictment.

39. There is no criminal proceeding pending against Sailor for any act associated with the 2003 convictions for Clark's murder.

40. Sailor now brings suit under R.C. § 2743.48, and asks the Court to declare him a "wrongfully imprisoned individual."

**Ru-el Sailor is a "Wrongfully Imprisoned Individual" Under R.C. § 2743.48**

41. Under R.C. § 2305.02 and R.C. § 2743.48, this Court has jurisdiction to hear and determine whether an individual is a wrongfully imprisoned individual.

42. Sailor satisfies each statutory element under R.C. § 2743.48(A) to be declared a "wrongfully imprisoned individual":

(1) Sailor was charged with qualifying crimes under the Revised Code;

(2) Sailor was found guilty but did not plead guilty;

(3) Sailor was sentenced to imprisonment;

(4) Sailor's conviction for those qualifying crimes was vacated and dismissed;

    (4)(a)  No criminal proceeding is pending against Sailor for any act associated with the conviction;

    (4)(b)  The prosecuting attorney, within one year after the date of the vacating and dismissal, has not sought any further appeal;

    (4)(c)  The prosecuting attorney, within one year after the date of the vacating and dismissal, has not brought a criminal proceeding against Sailor for any act associated with the conviction; and

(5) Sailor is innocent: the crimes Sailor was convicted of in 2003, including all lesser-included offenses, were not committed by him.

*See* R.C. § 2743.48(A).

43. Sailor spent years in prison for crimes he did not commit.

44. The law requires that this injustice be recognized and that Sailor must be declared a wrongfully imprisoned person.

**WHEREFORE,** having met all of the criteria of Ohio Revised Code § 2743.48, Ru-el Sailor should be declared a wrongfully imprisoned individual.

Dated: March 27, 2020                  Respectfully submitted,

                                              */s/ Jacqueline Greene*
                                              Jacqueline Greene (0092733)
                                              Sarah Gelsomino (0084340)
                                              Marcus Sidoti (0077476)
                                              Terry H. Gilbert (0021948)
                                              FRIEDMAN & GILBERT

50 Public Square, Suite 1900
Cleveland, OH  44113
Tel: (216) 241-1430
Fax: (216) 621-0427
jgreene@f-glaw.com
sgelsomino@f-glaw.com
marcus@f-glaw.com
tgilbert@f-glaw.com

*Attorneys for Plaintiff Ru-el Sailor*