

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**BRIEF IN OPPOSITION**
**October 2, 2020 19:04**

By: LOUIS E. GRUBE 0091337

Confirmation Nbr. 2086915

RU-EL SAILOR                                        CV 20 931518

vs.

STATE OF OHIO                          **Judge:**  SHERRIE MIDAY

**Pages Filed:**  35

**IN THE OHIO COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY**

| | |
|---|---|
| RU-EL SAILOR, | ) Case No. CV-20-931518 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE SHERRIE M. MIDAY |
| *vs.* | ) |
| | ) **PLAINTIFF'S MEMORANDUM IN** |
| STATE OF OHIO, | ) **OPPOSITION TO DEFENDANT'S** |
| | ) **MOTION FOR JUDGMENT ON THE** |
| Defendant. | ) **PLEADINGS** |

## MEMORANDUM

Plaintiff, Ru-el Sailor ("Sailor"), opposes the Motion for Judgment on the Pleadings filed August 28, 2020 ("Defendant's Motion") by Defendant, the State of Ohio. Although the Defendant had asserted to the trial court "that its theory of the case at trial could not be upheld and that Plaintiff Sailor's convictions could not withstand scrutiny," this Court has now been asked to deny him recovery for the time he lost while imprisoned for a crime he did not commit. *Complaint filed March 27, 2020 ("Complaint"), p. 2, ¶ 5.* Because Plaintiff Sailor has pled a potentially meritorious claim that he is a "wrongfully imprisoned individual" pursuant to R.C. 2743.48(A), this Court should reject the Defendant's request for an early and unwarranted end to this litigation. *Civ.R. 12(C).*

## I.  BACKGROUND

Early in 2003, Plaintiff Sailor was indicted for numerous crimes upon allegations that he had been involved in the murder of Omar Clark ("Clark") on November 17, 2002, in Cleveland, Ohio. *Complaint, p. 2, ¶ 9-10.* The charges included numerous different theories of criminal liability for murder, kidnapping, and felonious assault:

> (1) aggravated murder with firearm specifications; (2) complicity in commission of aggravated murder with firearm specifications; (3) murder with firearm specifications; (4) complicity in commission of a murder with firearm

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

specifications; (5) kidnapping with firearm specifications; (6) complicity to commit kidnapping with firearm specifications; (7) kidnapping with a firearm specification; (8) complicity to commit kidnapping with firearm specifications; (9) felonious assault with a firearm specification; (10) felonious assault with a firearm specification; (11) complicity to commit felonious assault with a firearm; (12) complicity to commit felonious assault with a firearm; (13) weapons under disability.

*Complaint, p. 2, ¶ 10.* Plaintiff initially pled not guilty on April 3, 2003, and at all times since he has maintained his innocence *as to these crimes. Id., p. 1-4, 6, ¶ 1-2, 9, 12-13, 16, 23, 42-43.* Yet he was convicted of Counts One through Twelve by a jury on June 5, 2003. *Id., p. 3, ¶ 14.*

Almost immediately after his trial, the evidence began to mount that Plaintiff Sailor in fact had nothing to do with the death of Clark. At Plaintiff's sentencing hearing in July of 2003, his co-defendant, Cordell Hubbard ("Hubbard") testified that the Plaintiff was not present for Clark's murder. *Complaint, p. 3, ¶ 17.* It was Hubbard who had shot Clark to death. *Id., ¶ 18.* In light of this testimony, the Plaintiff filed a motion requesting a new trial. *Id.* Hubbard provided an affidavit in support of Plaintiff's request, and he again testified at a hearing on the motion. *Id., ¶ 18-20.* Nonetheless, the trial court declined to order a new trial. *Id., ¶ 21.* And the Eighth District Court of Appeals affirmed the convictions. *Id., p. 4, ¶ 22; State v. Sailor,* 8th Dist. Cuyahoga No. 83552, 2004-Ohio-5207, *appeal not accepted,* 105 Ohio St.3d 1464, 2005-Ohio-1024, 824 N.E.2d 92. Numerous unsuccessful attempts to reverse Plaintiff's convictions followed over many years, and he continued to maintain his innocence throughout this period. *See Complaint, p. 4, ¶ 23; Sailor v. Bradshaw,* N.D.Ohio No. 1:05CV2112, 2007 WL 4248182, *3 (November 30, 2007); *State ex rel. Sailor v. McDonnell,* 8th Dist. Cuyahoga No. 93507, 2009-Ohio-4378; *State v. Sailor,* 8th Dist. Cuyahoga No. 100009, 2014-Ohio-1062.

Paul Flowers Co., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

In January 2017, the Conviction Integrity Unit ("CIU") of the Cuyahoga County Prosecutor's Office agreed to reexamine Plaintiff Sailor's 2003 convictions for murder, kidnapping, and felonious assault. *Complaint, p. 4, ¶ 24-25.* The CIU launched an investigation, during which all of the evidence and the entire contents of the prosecutorial file were examined. *Id., ¶ 25.* Interviews were conducted with Lamar Williams and William Sizemore, who were both present at Clark's murder. *Id.* Prosecutors even interviewed members of the victim's family, who supported vacating Plaintiff's convictions for murder, kidnapping, and felonious assault. *Id., ¶ 26.* The Defendant determined that its theory of Plaintiff's guilt could not be sustained based upon the available evidence, which demonstrated his innocence. *Id., ¶ 27-28.*

On March 28, 2018, Plaintiff Sailor and the Defendant filed a joint motion to vacate his 2003 convictions. *Complaint, p. 4, ¶ 28.* The Defendant "asserted in the motion to vacate that its theory of the case at trial could not be upheld and that Plaintiff's convictions could not withstand scrutiny." *Id., p. 2, ¶ 5.* The motion was granted, and the 2003 convictions were vacated that same day. *Id., p. 4, ¶ 29.* The Defendant entered a *nolle prosequi*, dismissing Counts 1-2, 4, and 6-12 of the 2003 indictment. *Id., ¶ 30.*

The Defendant did not seek to dismiss Counts 3 and 5 of the 2003 indictment, which had charged Plaintiff Sailor with the murder and kidnapping of Clark on November 17, 2002. *Complaint, p. 2, 4, ¶ 10, 31.* Instead the Defendant sought to amend these Counts to charge entirely unrelated crimes arising out of the Plaintiff's conduct at his trial during May of 2003. *Id., p. 5, ¶ 32.* Count 3, murder, was amended to charge perjury, a felony of the third degree in violation of R.C. 2921.11(A). *Id., p. 4, ¶ 31.* Count 5, kidnapping, was amended to charge obstructing justice, a felony of the third degree in violation of R.C. 2921.32(A). *Id.* After Plaintiff pled guilty to these amended charges on

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

March 28, 2018, he was sentenced, and the trial court ordered his release from prison. *Id., ¶ 33-35.*

By the time of his release, Plaintiff Sailor had been imprisoned for fifteen years on account of his convictions for the murder, kidnapping, and felonious assault of Clark. *Complaint, p. 5, ¶ 36.*  There is presently no appeal pending as to Plaintiff's convictions for murder, kidnapping, and felonious assault of Clark, nor has such an appeal been sought by the Defendant, whether by leave or as of right.  *Id., ¶ 37-38.*  Nor are any other proceedings pending against Plaintiff relating to Clark's death.  *Id., ¶ 39.*

The instant proceedings for wrongful imprisonment were initiated on March 27, 2020, with the filing of Plaintiff Sailor's Complaint.  The Defendant answered, admitting that Plaintiff had only entered a guilty plea as to "the <u>amended indictment</u> on Counts 3 and 5."  (Emphasis added.) *Answer of Defendant State of Ohio deemed filed May 15, 2020 ("Answer"), p. 2, ¶ 7.*  The Answer otherwise admitted that this Court possesses jurisdiction to decide the controversy, denied the allegations in the Complaint, and interposed numerous affirmative defenses.

## II.  <u>STANDARDS</u>

### A.  **Judgment on the Pleadings**

The Defendant's Motion is predicated upon Civ.R. 12(C), and is therefore governed by the same general standards applicable to motions to dismiss under Civ.R. 12(B)(6). *Vinicky v. Pristas*, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88, ¶ 3 (8th Dist.); *Duff v. Coshocton Cty.*, 5th Dist. Coshocton No. 03-CA-019, 2004-Ohio-3713, ¶ 15.  Such motions are "viewed with disfavor" and "rarely granted."  *Wilson v. Riverside Hosp.*, 18 Ohio St.3d 8, 10, 479 N.E.2d 275 (1985); *see also Slife v. Kundtz Properties, Inc.*, 40 Ohio App.2d 179, 182, 318 N.E.2d 557 (8th Dist.1974); *Caraballo v. Cleveland Metro. School*

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

*Dist.*, 8th Dist. Cuyahoga No. 99616, 2013-Ohio-4919, ¶ 5.

The primary difference between such motions is that a Civ.R. 12(C) application permits consideration of the defenses raised in the defendant's answer.  *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569-570, 664 N.E.2d 931 (1996). Only pure questions of law may be resolved.  *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113 (1973); *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 98-99, 616 N.E.2d 519 (8th Dist.1992).  "When considering a defendant's Civ.R. 12(C) motion for judgment on the pleadings, the trial court is required to construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party."  *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001).  The Supreme Court of Ohio has explained:

> Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. * * * Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.

*Midwest Pride IV*, 75 Ohio St.3d at 570, 664 N.E.2d 931.

It is well-settled that when a complaint is found to be deficient for purposes of Civ.R. 12, the plaintiff should be afforded a reasonable opportunity to supply a correction. *Jordan v. Cuyahoga Metro. Hous. Auth.*, 161 Ohio App.3d 216, 2005-Ohio-2443, 829 N.E.2d 1237, ¶ 13-26 (8th Dist.).  Leave to amend the pleadings "shall be freely given when justice so requires."  *Id.* at ¶ 10, quoting *Civ.R. 15(A)*. The Ohio Supreme Court has warned:

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

> It is an abuse of discretion for a court to deny a motion, timely filed, seeking leave to file an amended complaint, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed.

*Peterson*, 34 Ohio St.2d 161, 297 N.E.2d 113, paragraph six of the syllabus; *see also Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 576, 589 N.E.2d 1306 (1992).

### B.    The Rules of Statutory Analysis

The Defendant asks this Court to interpret and apply the text of R.C. 2743.48(A)(2). *Defendant's Motion, p. 2-6*. When considering a statute, this Court must " 'ascertain and give effect to the legislature's intent,' as expressed in the plain meaning of the statutory language." *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶ 20, quoting *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9; *see also State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 12, quoting *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus (" 'The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.' "). Words may not be added or deleted from the statute. *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 15; *State v. Hughes*, 86 Ohio St.3d 424, 427, 715 N.E.2d 540 (1999). Importantly, "R.C. 1.42 guides" this Court's "analysis, providing that '[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage.' " *Pelletier v. Campbell*, 153 Ohio St.3d 611, 2018-Ohio-2121, 109 N.E.3d 1210, ¶ 14. The various parts of a statute are therefore not to be taken in isolation:

> It must be construed as a whole and given such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

required, and the court should avoid that construction which renders a provision meaningless or inoperative.

*State ex rel. Myers v. Bd. of Edn. of Rural School Dist. of Spencer Twp.*, 95 Ohio St. 367, 372-373, 116 N.E. 516 (1917). It is also appropriate to consider the "title of the legislation originally enacting" a statute, which carries the force of law. *See Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 10.

If the language of a statute "is not ambiguous," then the Court "need not interpret it" but "must simply apply it." *Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, at ¶ 13; *see also Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18-19; *State v. Gordon*, 153 Ohio St.3d 601, 2018-Ohio-1975, 109 N.E.3d 1201, ¶ 8. Ambiguity has acquired a technical meaning in the context of statutory analysis:

> Ambiguity, in the sense used in our opinions on statutory interpretation, means that a statutory provision is "capable of bearing more than one meaning." *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16. Without "an initial finding" of ambiguity, "inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors identified in R.C. 1.49 is inappropriate." *Id.*; *State v. Brown*, 142 Ohio St.3d 92, 2015-Ohio-486, 28 N.E.3d 81, ¶ 10. We "do not have the authority" to dig deeper than the plain meaning of an unambiguous statute "under the guise of either statutory interpretation or liberal construction." *Morgan v. Adult Parole Auth.*, 68 Ohio St.3d 344, 347, 626 N.E.2d 939 (1994). If we were to brazenly ignore the unambiguous language of a statute, or if we found a statute to be ambiguous only after delving deeply into the history and background of the law's enactment, we would invade the role of the legislature: to write the laws.

*Jacobson*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, at ¶ 8.

## III. ANALYSIS

The Defendant has made the untenable argument that, as a matter of law, Plaintiff

Paul Flowers Co., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

Sailor may not be declared a wrongfully imprisoned individual as to Clark's murder, kidnapping, and felonious assault because he pled guilty roughly fifteen years later to the entirely unrelated crimes of perjury and obstructing justice. *Defendant's Motion, p. 2-6.* Neither the plain language of R.C. 2743.48(A)(2) nor basic common sense permit this result. This Court should therefore deny Defendant's Motion.

### A. The History and Plain Language of R.C. 2743.48(A)(2)

The statutory civil action against the State of Ohio for wrongful imprisonment has its roots in the Generic Moral Claims Statute, which replaced the Ohio General Assembly's "former practice of compensating wrongfully imprisoned persons by *ad hoc* moral claims legislation." Legislative Service Commission, *Bill Analysis of Am. H.B. 623 as reported by the Senate Judiciary Committee*, p. 1 (1988), *attached at Apx. 0006-8*; *Walden v. State*, 47 Ohio St.3d 47, 547 N.E.2d 962 (1989). In its present form, the five subsections of R.C. 2743.48(A) carefully define which formerly imprisoned individuals have been "wrongfully" imprisoned. The Defendant's Motion has not argued that Plaintiff Sailor will be unable to prove any of the elements laid out in R.C. 2743.48(A)(1) and (3)-(5). *Defendant's Motion, p. 2-6.* The Defendant has only argued that, as a matter of law, Plaintiff is unable to prove that he "was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense" pursuant to R.C. 2743.48(A)(2). *Id.*

The Ohio General Assembly added the prohibition on guilty pleas to R.C. 2743.48 in the last days of 1988, and the amended provision took effect on March 17, 1989. *Am.H.B. No. 623, 142 Ohio Laws, Part III, 4675-4679 ("H.B. 623"), attached at Apx. 0001-5.* When this legislation was initially introduced, it was understood:

> The bill would amend the definition of wrongfully imprisoned individual to make it applicable only to individuals <u>who did not plead guilty to the offense for which they were imprisoned</u>

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

> (sec. 2743.48(A)(2)). Under the bill, a person who is imprisoned for an offense that he did not commit or that was never committed but who pleaded guilty to the offense would not be permitted to use the GMCS to obtain damages for wrongful imprisonment. (Emphasis added.)

Legislative Service Commission, *Bill Analysis of H.B. 623 as Introduced*, p. 2 (1987), *attached at Apx. 00015-16*. This sensible view of the amendment persisted throughout the legislative process. Legislative Service Commission, *Bill Analysis of H.B. 623 as Reported by the House Judiciary & Criminal Justice Committee*, p. 3 (1988), *attached at Apx. 00012-14*; Legislative Service Commission, *Bill Analysis of H.B. 623 as Passed by the House*, p. 3 (1988), *attached at Apx. 0009-11*; Legislative Service Commission, *Bill Analysis of H.B. 623 as reported by the Senate Judiciary Committee*, p. 3 (1988), *attached at Apx. 0006-8*. The stated purpose of the legislation is found in the title of the enactment:

> **AN ACT** To amend sections 2305.02 and 2743.48 of the Revised Code to <u>exclude from the generic moral claims statute imprisoned individuals who pleaded guilty to a particular offense</u> and to otherwise change the qualifications for an action under that statute. (Emphasis added.)

*H.B. 623, Apx. 0001.*

The purpose of the provision is borne out by its plain language. Since these terms were added, R.C. 2743.48(A)(2) has barred recovery by those who were imprisoned on account of a guilty plea to one or more crimes—even if they did not commit that crime or a crime was not committed at all. At present, the provision requires:

> The individual was found guilty of, but did not plead guilty to, the <u>particular charge or a lesser-included offense</u> by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony, felony, or misdemeanor. (Emphasis added.)

*R.C. 2743.48(A)(2).*

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

The language in R.C. 2743.48(A)(2) means what the legislature said it means: those who were convicted of a "particular charge or a lesser-included offense" because they pled guilty to it are not wrongfully imprisoned individuals as to that "particular offense." *H.B. 623, Apx. 0001.* Read together in context, numerous related provisions confirm this meaning by referring to a "particular offense." *Id.* For example, R.C. 2743.48(A)(1) begins by referring to "a violation" with which an "individual was charged" by "indictment or information." Reading further, R.C. 2743.48(A)(3) requires that a "wrongfully imprisoned individual" must have been "sentenced to an indefinite or definite term of imprisonment in a state correctional institution for <u>the offense of which the individual was found guilty.</u>" (Emphasis added.) Prior to declaring someone to be a wrongfully imprisoned individual, R.C. 2743.48(A)(5) requires a trial court to enter a finding "either that <u>the offense</u> of which the individual was found guilty, <u>including all lesser-included offenses,</u> was not committed by the individual or that no offense was committed by any person." (Emphasis added.) R.C. 2743.48(B)(5) even provides a rule for those who were wrongfully imprisoned as to some but not all of the offenses for which they had been convicted:

> If an individual was serving at the time of the wrongful imprisonment concurrent sentences on <u>other convictions</u> that were not vacated, dismissed, or reversed on appeal, the individual is not eligible for compensation as described in this section for any portion of that wrongful imprisonment that occurred during a concurrent sentence of that nature. (Emphasis added.)

It is thus apparent from the language and context utilized by the Ohio General Assembly that a conviction for some other offense on account of a guilty plea will not bar a trial court from declaring a person to be wrongfully imprisoned as to another "particular offense" or "particular charge." *H.B. 623, Apx. 0001.*

Paul Flowers Co., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

## B.      The Defendant's Attempt to Delete or Add Words to the Statute

The Defendant asserts that because Plaintiff Sailor "pleaded guilty to the amended counts of perjury and obstruction of justice—both felonies under Ohio law—the Court must dismiss Plaintiff's claim as he fails to allege any set of facts upon which this Court could grant relief." *Defendant's Motion, p. 3*. Without any meaningful textual analysis, the Defendant argues that "the statute was intended only to compensate the **innocent** for wrongful imprisonment." (Emphasis sic.) *Id., pp. 3-4*. And it is claimed that Plaintiff is "disqualified from recovery simply *because* he pleaded guilty to the amended indictment." (Emphasis sic.) *Id., p. 6*. The Defendant does not mince words—it would like to completely avoid liability for wrongfully imprisoning Plaintiff for the murder, kidnapping, and felonious assault of Clark on November 17, 2002, because he committed the unrelated crimes of "perjury and obstruction of justice at trial" in May of 2003. *Id*. This Court should reject these arguments.

Nothing in the plain language of R.C. 2743.48(A)(2) operates as a bar to recovery for those who were wrongfully imprisoned on account of a "particular charge" simply because they pled guilty to some other unrelated charge at any point in time. R.C. 2743.48(B)(5) even accounts for those who are properly imprisoned for some convictions while being wrongfully imprisoned as to other convictions. The inherent absurdity of the Defendant's position is highlighted by the sheer breadth of it—this same defense could be utilized in any case where a wrongful imprisonment claimant has pled guilty to any other crime at any time. The Defendant has unequivocally expressed that it does not want to compensate the innocent if they have *ever* pled guilty to *any* other crime:

> Consistent with the plain language of R.C. 2743.48, the statute does not specify when the specific conduct must occur. Rather, the statue [sic] only requires that an individual

Paul Flowers Co., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax (216) 344-9395

claiming he was wrongfully imprisoned *did not plead guilty* to the charge. R.C. 2743.48(A)(2). Here, Sailor is disqualified from recovery simply *because* he pleaded guilty to the amended indictment.  (Underlining added, italics sic.)

*Defendant's Motion, p. 6.*

One fatal analytical error in the Defendant's argument is that it seeks to delete the phrase "the particular charge or a lesser-included offense" out of R.C. 2743.48(A)(2) and to completely discard the stated title and purpose adopted in H.B. 623.  This is the only way that a guilty plea entered in 2018 to charges of perjury and obstructing justice premised upon conduct in 2003 could operate as a bar to recovery for wrongful imprisonment resulting from convictions for murder, kidnapping, and felonious assault premised upon conduct occurring in 2002.  But because this language carries the force of law, it must be given effect along with the rest of the enactment.  *Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, at ¶ 15; *Hughes*, 86 Ohio St.3d at 427, 715 N.E.2d 540; *Myers*, 95 Ohio St. at 372-373, 116 N.E. 516.  The Ohio General Assembly has directed in R.C. 1.47(B) that the "*entire* statute is intended to be effective."  (Emphasis sic.) *Fincher v. Canton City School Dist. Bd. of Edn.*, 62 Ohio St.3d 228, 231, 581 N.E.2d 523 (1991); *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 23; *State ex rel. Daily Servs., L.L.C. v. Buehrer*, 10th Dist. Franklin No. 10AP-964, 2012-Ohio-1065, ¶ 16.  "It is a basic rule of construction that a court will give effect to each term and avoid a construction that renders any provision meaningless, inoperative, or superfluous." *Burkhart v. H.J. Heinz Co.*, 140 Ohio St.3d 429, 2014-Ohio-3766, 19 N.E.3d 877, ¶ 31.

This Court should therefore hold that Plaintiff Sailor's claim may proceed because he never entered a guilty plea to the "particular" charges for which he was wrongfully

Paul Flowers Co., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

imprisoned. *R.C. 2743.48(A)(2); H.B. 623, Apx. 0001*. Acceding to the Defendant's contrived construction will nullify terms that the legislators specifically intended to include in the enactment.

The Defendant's position may also be understood as a request to add language to the statute that explicitly bars a declaration that a person is a wrongfully imprisoned individual if they have ever entered a guilty plea in any proceeding at any time. And for all of the Defendant's emphasis on the fact that Plaintiff Sailor "pleaded guilty to an amended indictment," R.C. 2743.48(A)(2) does not say anything about the effect of an amendment to an indictment. *Compare Defendant's Motion, p. 6 with R.C. 2743.48(A)(2)*. These attempts to add unincorporated language to the statute should likewise be rejected. *Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, at ¶ 15; *Hughes*, 86 Ohio St.3d at 427, 715 N.E.2d 540.

### C.  The Defendant's Unhelpful Authorities

Finally, the Defendant cites a number of authorities that do not support its nonsensical interpretation of R.C. 2743.48(A)(2). In one decision relied upon by the Defendant, the plaintiff had actually pled guilty to the particular charge for which he claimed to have been wrongfully imprisoned. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111. In *Dunbar*, the plaintiff pled guilty to abduction, but this conviction was reversed, and the matter was remanded for the trial court to vacate the plea. *Dunbar*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, at ¶ 3. The plaintiff was convicted of abduction by a jury on remand, yet the court of appeals ordered him discharged after reversing the conviction for insufficient proof of one of the elements of the crime. *Id*. at ¶ 4. The plaintiff thereafter filed a complaint seeking a declaration that he was a wrongfully imprisoned individual, and the parties each sought summary

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

judgment based on the record of the prior proceedings. *Id.* at ¶ 5. The trial court held that the earlier vacated guilty plea "did not bar proceedings under R.C. 2743.48." *Id.* at ¶ 6. After the Eighth District Court of Appeals affirmed this ruling, the Supreme Court of Ohio reversed it. *Id.* at ¶ 6-8, 21. It was held that because the plain text of R.C. 2743.48(A)(2) made no exceptions for vacated guilty pleas, there was no such exception:

> Under the plain language of R.C. 2743.48(A)(2), a person who has pled guilty to an offense is not eligible to be declared a wrongfully imprisoned individual. We are to presume that all guilty pleas, even those that are later vacated, are included because the statute itself provides no exception for a person whose guilty plea is vacated on appeal and is otherwise able to satisfy the remaining requirements of R.C. 2743.48(A).

*Id.* at ¶ 19.

As a threshold matter, *Dunbar* is distinguishable from the instant matter because Plaintiff Sailor has alleged that he entered a plea of "not guilty" to the charges for which he was imprisoned, all of which relate to the murder, kidnapping, or felonious assault of Clark. *Complaint, pp. 2-3, ¶ 9-15.* He has always maintained his innocence as to these crimes without wavering. *Id., pp. 1-4, 6, ¶ 1-2, 9, 12-13, 16, 23, 42-43.* These allegations must of course be accepted as true at this phase of the litigation. *Whaley,* 92 Ohio St.3d at 581, 752 N.E.2d 267. And there is no allegation that he ever pled guilty to these "particular" charges. *R.C. 2743.48(A)(2); Answer, pp. 1-4.* Perhaps more importantly, the logic of *Dunbar* also supports Plaintiff's argument as to the textual meaning of R.C. 2743.48(A)(2): because the statute does not explicitly say that a plaintiff is barred from being declared a wrongfully imprisoned individual as to a particular charge if they have ever pled guilty to any other unrelated offense, there is no such rule. *See Dunbar,* 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, at ¶ 19. *See also Bostock v. Clayton Cty., Georgia,* ___ U.S. ___, 140 S.Ct. 1731, 1747, 207 L.Ed.2d 218 (2020) ("Nor is there

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

any such thing as a 'canon of donut holes,' in which Congress's failure to speak directly to a specific case that falls within a more general statutory rule creates a tacit exception. Instead, when Congress chooses not to include any exceptions to a broad rule, courts apply the broad rule.").

Several of the authorities offered by the Defendant express the general purpose of R.C. 2743.48(A)(2) of separating "those who were wrongfully imprisoned from those who merely avoided criminal liability." *Defendant's Motion, pp. 3-5.* Yet none of these opinions actually supports the Defendant's bold attempt to expand the statute beyond its textual bounds. In *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, the Supreme Court of Ohio simply reaffirmed that the Court of Common Pleas possesses exclusive original jurisdiction over proceedings under R.C. 2305.02. In *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 1, 22, the plaintiff had failed to prove that he was entitled to summary judgment in his favor on his claim for wrongful imprisonment because the only proof submitted was "the appellate court's decision to reverse and vacate his conviction and order his immediate release from prison." In *Doss*, at ¶ 13, the Court relied upon its prior decision in *Walden*—also cited by the Defendant—in which the Court ruled that a judgment of acquittal "is not to be given preclusive effect in a proceeding under R.C. 2305.02." *Walden*, 47 Ohio St.3d 47, 547 N.E.2d 962, at paragraph two of the syllabus. In *Doss* and *Walden*, the plaintiffs had neither entered a guilty plea, nor were they barred from recovery by R.C. 2743.48(A)(2).

Similarly, the Defendant glowingly cites *Jones v. State*, 8th Dist. Cuyahoga No. 96184, 2011-Ohio-3075, for the proposition that only the "**_innocent_**" are entitled to be declared wrongfully imprisoned and compensated. (Emphasis sic.) *Defendant's Motion, pp. 3-4.* In *Jones*, the plaintiff sought a declaration that he was wrongfully imprisoned

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax (216) 344-9395

after having been acquitted of attempted murder and felonious assault during a second trial after an appeal. *Jones*, 2011-Ohio-3075, at ¶ 2-3. Just as in *Doss*, the plaintiff in *Jones* argued "that his subsequent acquittal" satisfied "his burden that he did not engage in any criminal conduct at the time of the incident." *Id.* at ¶ 10. Relying on *Walden*, the Eighth District Court of Appeals reaffirmed the already-clear principle: "Evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence as required by R.C. 2743.48." *Id.* at ¶ 11. This rule finds no application to these proceedings because they have not progressed to the point that either party must supply any evidence.

Further distinguishing *Jones* from this case, the defendant in *Jones* had provided unrebutted evidence that the plaintiff had been rightfully imprisoned on account of a parole violation. *Jones*, 2011-Ohio-3075, at ¶ 13. Quite separately from the particular charges for which he had been acquitted, the plaintiff had violated parole by "possessing a firearm, failing to report contact with law enforcement officers, failing to report his arrest, and associating with individuals who had criminal backgrounds." *Id.* He was imprisoned on account of this parole violation during the entire period between his indictment and acquittal for attempted murder and felonious assault. *Id.* at ¶ 2, 13. Against this factual and procedural backdrop, the court of appeals affirmed entry of summary judgment in favor of the defendant. *Id.* at ¶ 14-15. Just like *Doss*, the *Jones* decision is distinguishable from these proceedings because there is no allegation that Plaintiff Sailor was imprisoned for other crimes that he had committed during Clark's murder. He was not even present when Clark was killed. *Complaint, p. 3, ¶ 17.* There is no concern that he "was engaged in other criminal acts at the time of the incident." *Jones*, 2011-Ohio-3075, at ¶ 13.

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

The Defendant likewise relies on *Gover v. State*, 67 Ohio St.3d 93, 616 N.E.2d 207 (1993), in which it was held:

> Claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged.

*Gover* at syllabus. Although the plaintiff in *Gover* had not committed the crime for which he was imprisoned, he "was nevertheless committing other criminal offenses" during the same incident. *Id.* at 96. The matter was remanded to the trial court for consideration of whether even "a minor misdemeanor charge could have arisen out of the [plaintiff's] conduct." *Id.* Unlike the plaintiff in *Gover*, Plaintiff Sailor was imprisoned for the murder, kidnapping, and felonious assault of Clark despite that he "had not been present during" and "did not commit" the murder. *Complaint, p. 3, ¶ 17, 21.* The perjury and obstructing justice charges that the Defendant has proffered in its Motion as a silver-bullet legal defense would not occur until months after Clark's unfortunate demise.

The foregoing authorities establish, at most, some interesting ideas about the General Assembly's aims in enacting R.C. 2743.48. But it is axiomatic that the actual language of the enactments must determine who is entitled to a declaration that they are a wrongfully imprisoned individual. *Jacobson*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, at ¶ 8; *Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, at ¶ 12, quoting *Slingluff*, 66 Ohio St. 621, 64 N.E. 574, at paragraph two of the syllabus. Because none of these decisions actually apply R.C. 2743.48(A)(2) in the unprecedented manner that the Defendant is now proposing, this Court should reject the entreaty for an immediate judgment in its favor. This Court should therefore overrule the Defendant's Motion and permit the case to proceed so that Plaintiff Sailor may prove true the

Paul Flowers Co., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax (216) 344-9395

Defendant's admission that his vacated convictions for murder, kidnapping, and felonious assault cannot "withstand scrutiny." *Complaint, p. 2, ¶ 5.*

## **CONCLUSION**

For the foregoing reasons, this Court should deny the Defendant's Motion for Judgment on the Pleadings. *Civ.R. 12(C).*

Respectfully Submitted,

*s/ Jacqueline Greene*

Jacqueline Greene, Esq. (#0092733)
Sarah Gelsomino, Esq. (#0084340)
Marcus Sidoti, Esq. (#0077476)
Terry H. Gilbert, Esq. (#0021948)
**FRIEDMAN & GILBERT**
50 Public Square, Suite 1900
Cleveland, Ohio 44113
(216) 241-1430
jgreene@f-glaw.com
sgelsomino@f-glaw.com
marcus@f-glaw.com
tgilbert@f-glaw.com

*Attorneys for Plaintiff,*
*Ru-el Sailor*

*s/ Louis E. Grube*

Louis E. Grube, Esq. (#0091337)
**PAUL W. FLOWERS CO., L.P.A.**
50 Public Square
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
leg@pwfco.com

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Memorandum** was filed and served via the Court's authorized E-Filing System on October 2, 2020.  Pursuant to Loc.R. 39(I)(2) and (3), service of this filing has been made by the Court's electronic filing system, and a courtesy copy was emailed to:

Zachary S. O'Driscoll, Esq.
Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio  43215
zachary.odriscoll@ohioattorneygeneral.gov

*Attorney for Defendant,*
*State of Ohio*

*s/ Louis E. Grube*
Louis E. Grube, Esq. (#0091337)
**PAUL W. FLOWERS CO., L.P.A.**

*Attorney for Plaintiff,*
*Ru-el Sailor*

PAUL FLOWERS CO., L.P.A.
50 Public Sq
40th Floor
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

4675

(Amended House Bill Number 623)

# AN ACT

To amend sections 2305.02 and 2743.48 of the Revised Code to exclude from the generic moral claims statute imprisoned individuals who pleaded guilty to a particular offense and to otherwise change the qualifications for an action under that statute.

*Be it enacted by the General Assembly of the State of Ohio:*

SECTION 1. That sections 2305.02 and 2743.48 of the Revised Code be amended to read as follows:

Sec. 2305.02. A court of common pleas has exclusive, original jurisdiction to hear and determine an action or proceeding that is commenced by an individual who satisfies divisions (A)(1) to ~~(3)~~ (4) of section 2743.48 of the Revised Code and that seeks a determination by the court that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person. If the court enters the requested determination, it shall comply with division (B) of that section.

Sec. 2743.48. (A) As used in this section, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, ~~the effective date of this section~~ SEPTEMBER 24, 1986, and the violation charged was an aggravated felony or felony.

(2) He was found guilty of, BUT DID NOT PLEAD GUILTY TO, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.

(3) He was sentenced to an indefinite or definite term of imprisonment in a state penal or reformatory institution for the offense of which he was found guilty.

(4) THE INDIVIDUAL'S CONVICTION WAS VACATED OR WAS DISMISSED, OR REVERSED ON APPEAL, THE PROSECUTING ATTORNEY IN THE CASE CANNOT OR WILL NOT SEEK ANY FURTHER APPEAL OF RIGHT OR UPON LEAVE OF COURT, AND NO CRIMINAL PROCEEDING IS PENDING, CAN

**Apx. 0001**

Am. H. B. No. 623          **4676**

BE BROUGHT, OR WILL BE BROUGHT BY ANY PROSECUTING ATTORNEY, CITY DIRECTOR OF LAW, VILLAGE SOLICITOR, OR OTHER CHIEF LEGAL OFFICER OF A MUNICIPAL COR-PORATION AGAINST THE INDIVIDUAL FOR ANY ACT ASSOCI-ATED WITH THAT CONVICTION.

(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person.

(B)(1) When a court of common pleas determines, on or after ~~the effective date of this section~~ SEPTEMBER 24, 1986, that a person is a wrongfully imprisoned individual ~~because the offense of which he was found guilty, including all lesser-included offenses, either was not com-mitted by him or was not committed by any person~~, the court shall provide the person with a copy of this section and orally inform him and his attorney of his rights under this section to commence a civil action against the state in the court of claims because of his wrongful imprisonment and to be represented in that civil action by counsel of his own choice.

(2) The court described in division (B)(1) of this section shall notify the clerk of the court of claims, in writing and within seven days after the date of the entry of its determination that the person is a wrongfully imprisoned individual, of the name and proposed mailing address of the person and of the fact that the person has the rights to commence a civil action and to have legal representation as provided in this section. The clerk of the court of claims shall maintain in his office a list of wrongfully imprisoned in-dividuals for whom notices are received under this section and shall create files in his office for each such individual.

(C)(1) In a civil action under this section, a wrongfully imprisoned individual has the right to have counsel of his own choice.

(2) If a wrongfully imprisoned individual who is the subject of a court determination as described in division (B)(1) of this section does not com-mence a civil action under this section within six months after the entry of that determination, the clerk of the court of claims shall send a letter to him, at the address set forth in the notice received from the court of common pleas pursuant to division (B)(2) of this section or to any later address provided by the wrongfully imprisoned individual, that reminds him of his rights under this section. Until the statute of limitations pro-vided in division (H) of this section expires and unless the wrongfully imprisoned individual commences a civil action under this section, the clerk of the court of claims shall send a similar letter in a similar manner to him at least once each three months after the sending of the first reminder.

(D) Notwithstanding any provisions of this chapter to the contrary, a wrongfully imprisoned individual has and may file a civil action against the state, in the court of claims, to recover a sum of money as described in this section, because of his wrongful imprisonment. The court of claims shall have exclusive, original jurisdiction over such a civil action. The civil action shall proceed, be heard, and be determined as provided in sections 2743.01 to 2743.20 of the Revised Code, except that if a provision of this section

**Apx. 0002**

Am. H. B. No. 623          4677

conflicts with a provision in any of those sections, the provision in this section controls.

(E)(1) In a civil action as described in division (D) of this section, the complainant may establish that he is a wrongfully imprisoned individual by submitting to the court of claims a certified copy of the judgment entry of the court of common pleas associated with his conviction and sentencing, and a certified copy of the entry of the determination of a court of common pleas that he is a wrongfully imprisoned individual because the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person. No other evidence shall be required of the complainant to establish that he is a wrongfully imprisoned individual, and he shall be irrebuttably presumed to be a wrongfully imprisoned individual.

(2) In a civil action as described in division (D) of this section, upon presentation of requisite proof to the court, a wrongfully imprisoned individual is entitled to receive a sum of money that equals the total of each of the following amounts:

(a) The amount of any fine or court costs imposed and paid, and the reasonable attorney's fees and other expenses incurred by the wrongfully imprisoned individual in connection with all associated criminal proceedings and appeals, and, if applicable, in connection with obtaining his discharge from confinement in the state penal or reformatory institution;

(b) For each full year that he was imprisoned in the state penal or reformatory institution for the offense of which he was found guilty, twenty-five thousand dollars, and for each part of a year that he was so imprisoned, a pro-rated share of twenty-five thousand dollars;

(c) Any loss of wages, salary, or other earned income that directly resulted from his arrest, prosecution, conviction, and wrongful imprisonment.

(F)(1) If the court of claims determines in a civil action as described in division (D) of this section that the complainant is a wrongfully imprisoned individual, it shall enter judgment for the wrongfully imprisoned individual in the amount of the sum of money to which he is entitled under division (E)(2) of this section. In determining that sum, the court of claims shall not take into consideration any expenses incurred by the state or any of its political subdivisions in connection with the arrest, prosecution, and imprisonment of the wrongfully imprisoned individual, including, but not limited to, expenses for food, clothing, shelter, and medical services.

(2) If the wrongfully imprisoned individual was represented in the civil action under this section by counsel of his own choice, the court of claims shall include in the judgment entry referred to in division (F)(1) of this section an award for the reasonable attorney's fees of that counsel. These fees shall be paid as provided in division (G) of this section.

(3) The state consents to be sued by a wrongfully imprisoned individual because his imprisonment was wrongful, and to liability on its part because of that fact, only as provided in this section. However, this section does not affect any liability of the state or of its employees to a wrongfully imprisoned individual on a claim for relief that is not based on the fact of his wrongful imprisonment, including, but not limited to, a claim for relief that

**Apx. 0003**

Am. H. B. No. 623          4678

arises out of circumstances occurring during his confinement in the state penal or reformatory institution.

(G) The clerk of the court of claims shall forward a certified copy of a judgment under division (F) of this section to the president of the controlling board. The board shall take all actions necessary to cause the payment of the judgment out of the emergency purposes special purpose account of the board.

(H) To be eligible to recover a sum of money as described in this section because of his wrongful imprisonment, a wrongfully imprisoned individual shall not have been, prior to ~~the effective date of this section~~ SEPTEMBER 24, 1986, the subject of an act of the general assembly that authorized an award of compensation for his wrongful imprisonment or have been the subject of an action before the former sundry claims board that resulted in an award of compensation for his wrongful imprisonment. Additionally, to be eligible to so recover, the wrongfully imprisoned individual shall commence a civil action under this section in the court of claims no later than two years after the date of the entry of the determination of a court of common pleas that he is a wrongfully imprisoned individual ~~because the offense of which he is found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person~~.

SECTION 2. That existing sections 2305.02 and 2743.48 of the Revised Code are hereby repealed.

SECTION 3. The amendments to section 2743.48 of the Revised Code that are made in Section 1 of this act do not apply to any person who, prior to the effective date of this act, has been determined by a court of common pleas to be a wrongfully imprisoned individual, as defined in division (A) of section 2743.48 of the Revised Code as it existed prior to the effective date of this act, and who, because of that determination, has the right to commence a civil action against the state in the court of claims to recover an amount of money as described in section 2743.48 of the Revised Code.

Speaker ——————— of the House of Representatives.

President ——————— of the Senate.

Apx. 0004

Am. H. B. No. 623            4679

Passed _November 18_, 19_88_

Approved _December 15_, 19_88_
          10:47 Am

_Richard F. Celeste_
                              Governor.

The section numbering of law of a general and permanent nature is complete and in conformity with the Revised Code.

_Roger S Heal_
Director, Legislative Service Commission.

Filed in the office of the Secretary of State at Columbus, Ohio, on the
_16th_ day of _(December)_, A. D. 19_88_

_Edward Brown_
                              Secretary of State.

File No. _306_        Effective Date _March 17, 1989_

                                        Apx. 0005

Am. H.B. 623*
(As Reported by S. Judiciary)

Reps. Gilmore, Davis, T. Johnson

Sen. Watts

Excludes from the coverage of the Generic
Moral Claims Statute any person who pleaded
guilty to the offense for which he is
imprisoned.

Provides further limitations on those persons
who may qualify as being wrongfully impris-
oned under the statute.

_____

CONTENT AND OPERATION

Existing law

    Civil action.  The Generic Moral Claims Statute (GMCS) (sec.
2743.48 of the Revised Code) creates a civil action against the
state for "wrongfully imprisoned individuals."  The Court of
Claims has exclusive, original jurisdiction over such actions,
which must be brought within two years after a court of common
pleas determines that the individual is a "wrongfully imprisoned
individual."  (Sec. 2743.48(B), (D), (F)(3), and (H).)

    Definition.  "Wrongfully imprisoned individual" is defined
as an individual who satisfies all of the following (sec.
2743.48(A)):

    1.  He was charged with an aggravated felony or felony;

    2.  He was found guilty of the charged aggravated felony or
felony or of a lesser-included offense that was an aggravated
felony or felony;

    3.  He was sentenced to a state penal or reformatory insti-
tution as a result of the conviction;

    4.  Subsequent to his sentencing and during or subsequent to
his imprisonment, a court of common pleas determined that the
offense of which he was found guilty, and all lesser-included
offenses, either was not committed by him or was not committed by
any person.

_____

    * This analysis was prepared before the report of the Senate
Judiciary Committee appeared in the Senate Journal.

Apx. 0006

-2-

**Court of common pleas functions.**  The courts of common pleas have exclusive, original jurisdiction to hear and determine any action or proceeding brought by a person who satisfies the first three conditions of the definition of "wrongfully imprisoned individual" and who seeks a determination of whether the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person (thus qualifying under the fourth condition of the definition) (sec. 2305.02).  When a court of common pleas makes such a determination that a person is a wrongfully imprisoned individual, it must provide him with a copy of the GMCS and orally inform him and his attorney of his rights under it.  It also must notify the Clerk of the Court of Claims, in writing and within seven days, of the name and proposed mailing address of the individual and of the fact that he has the right to bring an action under the GMCS.  (Sec. 2743.48(B).)

**Clerk of Court of Claims functions.**  The Clerk of the Court of Claims must maintain a list of wrongfully imprisoned individuals for whom he has received notices from courts of common pleas and create files for each individual (sec. 2743.48(B)(2)).  The Clerk must send an individual who does not bring an action under the GMCS within six months of the determination by the court of common pleas a notice of his rights under that statute and continue such notices every three months (sec. 2743.48(C)).

**Procedures in Court of Claims.**  A civil action under the GMCS is determined in the same manner as other actions in the Court of Claims unless the GMCS provides a different controlling procedure.  A person bringing such an action can establish that he is a "wrongfully imprisoned individual" by submitting a certified copy of the judgment entry of the court of common pleas making such a determination.  No other evidence is necessary to establish his status.  (Sec. 2743.48(D) and (E)(1).)

**Recoverable damages.**  A wrongfully imprisoned individual is entitled to recover, upon presentation of necessary proof, the amount of any fines or court costs paid and attorney's fees incurred in the criminal proceedings and appeals leading to his wrongful imprisonment and in obtaining his release from imprisonment; $25,000 for each full year of wrongful imprisonment and a pro-rata share for each part of a year so imprisoned; any loss of wages, salary, or other earned income that directly resulted from his arrest, prosecution, conviction, and wrongful imprisonment; and his attorney's fees for obtaining a judgment in the Court of Claims.  The Court of Claims cannot take into account any expenses incurred by the state or any political subdivision in connection with his arrest, prosecution, or imprisonment.  (Sec. 2743.48(E)(2) and (F)(2).)

The Clerk of the Court of Claims must forward a certified copy of the judgment to the President of the Controlling Board, which must take all actions necessary to pay the judgment to the wrongfully imprisoned individual (sec. 2743.48(G)).

-3-

Excluded individuals. The GMCS does not apply to any person who, prior to the enactment of the GMCS, was the subject of a moral claims act or an action before the former Sundry Claims Board for his wrongful imprisonment (sec. 2743.48(H)).

The bill

Definition of wrongfully imprisoned individual. The bill would amend the definition of wrongfully imprisoned individual as follows (sec. 2743.48(A)):

1. To exclude individuals who pleaded guilty to the offense for which they were imprisoned. Under the bill, a person who is imprisoned for an offense that he did not commit or that was never committed but who pleaded guilty to the offense would not qualify as being wrongfully imprisoned under the GMCS.

2. To include an individual only if his conviction is vacated or dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney against the individual for any act associated with that conviction.

Jurisdiction of courts of common pleas. Under the bill, the court of common pleas would continue to have exclusive, original jurisdiction to determine whether the offense of which a person was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person; however, that jurisdiction only would exist if the person, in addition to the three conditions required by existing law to vest jurisdiction in the court, meets the additional conditions set forth in the revised definition of "wrongfully imprisoned individual." (Sec. 2305.02.)

Applicability. Section 3 of the bill states that its changes do not apply to any person who was determined to be a wrongfully imprisoned individual by a court of common pleas, as that term was defined before the bill's effective date, and who thus has a right to bring a claim under the GMCS.

| ACTION | DATE | JOURNAL ENTRY |
|---|---|---|
| Introduced | 10-06-87 | p.   1215 |
| Reported, H. Judiciary | | |
|    & Criminal Justice | 03-09-88 | pp. 1560-1561 |
| Passed House (51-41) | 03-17-88 | pp. 1751-1752 |
| Reported, S. Judiciary | -- | -- |

AHB0623-RS/tjc

Electronically Filed 10/02/2020 19:04 / BRIEF / CV 20 931518 / Confirmation Nbr. 2086915 / BATCH

Apx. 0008

Am. H.B. 623
(As Passed by the House)

Reps. Gilmore, Davis, T. Johnson

Excludes from the coverage of the Generic Moral Claims Statute any person who pleaded guilty to the offense for which he is imprisoned.

Provides further limitations on those persons who may qualify as being wrongfully imprisoned under the statute.

---

CONTENT AND OPERATION

Existing law

Civil action. The Generic Moral Claims Statute (GMCS) (sec. 2743.48 of the Revised Code) creates a civil action against the state for "wrongfully imprisoned individuals." The Court of Claims has exclusive, original jurisdiction over such actions, which must be brought within two years after a court of common pleas determines that the individual is a "wrongfully imprisoned individual." (Sec. 2743.48(B), (D), (F)(3), and (H).)

Definition. "Wrongfully imprisoned individual" is defined as an individual who satisfies all of the following (sec. 2743.48(A)):

1. He was charged with an aggravated felony or felony;

2. He was found guilty of the charged aggravated felony or felony or of a lesser-included offense that was an aggravated felony or felony;

3. He was sentenced to a state penal or reformatory institution as a result of the conviction;

4. Subsequent to his sentencing and during or subsequent to his imprisonment, a court of common pleas determined that the offense of which he was found guilty, and all lesser-included offenses, either was not committed by him or was not committed by any person.

Court of common pleas functions. The courts of common pleas have exclusive, original jurisdiction to hear and determine any action or proceeding brought by a person who satisfies the first three conditions of the definition of "wrongfully imprisoned individual" and who seeks a determination of whether the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by

-2-

any person (thus qualifying under the fourth condition of the definition) (sec. 2305.02). When a court of common pleas makes such a determination that a person is a wrongfully imprisoned individual, it must provide him with a copy of the GMCS and orally inform him and his attorney of his rights under it. It also must notify the Clerk of the Court of Claims, in writing and within seven days, of the name and proposed mailing address of the individual and of the fact that he has the right to bring an action under the GMCS. (Sec. 2743.48(B).)

Clerk of Court of Claims functions. The Clerk of the Court of Claims must maintain a list of wrongfully imprisoned individuals for whom he has received notices from courts of common pleas and create files for each individual (sec. 2743.48(B)(2)). The Clerk must send an individual who does not bring an action under the GMCS within six months of the determination by the court of common pleas a notice of his rights under that statute and continue such notices every three months (sec. 2743.48(C)).

Procedures in Court of Claims. A civil action under the GMCS is determined in the same manner as other actions in the Court of Claims unless the GMCS provides a different controlling procedure. A person bringing such an action can establish that he is a "wrongfully imprisoned individual" by submitting a certified copy of the judgment entry of the court of common pleas making such a determination. No other evidence is necessary to establish his status. (Sec. 2743.48(D) and (E)(1).)

Recoverable damages. A wrongfully imprisoned individual is entitled to recover, upon presentation of necessary proof, the amount of any fines or court costs paid and attorney's fees incurred in the criminal proceedings and appeals leading to his wrongful imprisonment and in obtaining his release from imprisonment; $25,000 for each full year of wrongful imprisonment and a pro-rata share for each part of a year so imprisoned; any loss of wages, salary, or other earned income that directly resulted from his arrest, prosecution, conviction, and wrongful imprisonment; and his attorney's fees for obtaining a judgment in the Court of Claims. The Court of Claims cannot take into account any expenses incurred by the state or any political subdivision in connection with his arrest, prosecution, or imprisonment. (Sec. 2743.48(E)(2) and (F)(2).)

The Clerk of the Court of Claims must forward a certified copy of the judgment to the President of the Controlling Board, which must take all actions necessary to pay the judgment to the wrongfully imprisoned individual (sec. 2743.48(G)).

Excluded individuals. The GMCS does not apply to any person who, prior to the enactment of the GMCS, was the subject of a moral claims act or an action before the former Sundry Claims Board for his wrongful imprisonment (sec. 2743.48(H)).

-3-

## The bill

Definition of wrongfully imprisoned individual.  The bill
would amend the definition of wrongfully imprisoned individual as
follows (sec. 2743.48(A)):

1.  To exclude individuals who pleaded guilty to the offense
for which they were imprisoned.  Under the bill, a person who is
imprisoned for an offense that he did not commit or that was
never committed but who pleaded guilty to the offense would not
qualify as being wrongfully imprisoned under the GMCS.

2.  To include an individual only if his conviction is
vacated, dismissed, or reversed on appeal, the prosecuting
attorney in the case cannot or will not seek any further appeal,
and no criminal proceeding is pending, can be brought, or will be
brought by any prosecuting attorney against the individual for
any act associated with that conviction.

Jurisdiction of courts of common pleas.  Under the bill, the
court of common pleas would continue to have exclusive, original
jurisdiction to determine whether the offense of which a person
was found guilty, including all lesser-included offenses, either
was not committed by him or was not committed by any person;
however, that jurisdiction only would exist if the person, in
addition to the three conditions required by existing law to vest
jurisdiction in the court, meets the additional conditions set
forth in the revised definition of "wrongfully imprisoned
individual." (Sec. 2305.02.)

Applicability.  Section 3 of the bill states that its
changes do not apply to any person who was determined to be a
wrongfully imprisoned individual by a court of common pleas, as
that term was defined before the bill's effective date, and who
thus has a right to bring a claim under the GMCS.

| ACTION | DATE | JOURNAL ENTRY |
|---|---|---|
| Introduced | 10-06-87 | p.  1215 |
| Reported, H. Judiciary | | |
| & Criminal Justice | 03-09-88 | pp. 1560-1561 |
| Passed House (51-41) | 03-17-88 | pp. 1751-1752 |

Am. H.B. 623
(As Reported by H. Judiciary & Criminal Justice)

Reps. Gilmore, Davis

Excludes from the coverage of the Generic
Moral Claims Statute any person who pleaded
guilty to the offense for which he is
imprisoned.

Provides further limitations on those persons
who may qualify as being wrongfully
imprisoned under the statute.

_____

CONTENT AND OPERATION

Existing law

   Civil action. The Generic Moral Claims Statute (GMCS) (sec.
2743.48 of the Revised Code) creates a civil action against the
state for "wrongfully imprisoned individuals." The Court of
Claims has exclusive, original jurisdiction over such actions,
which must be brought within two years after a court of common
pleas determines that the individual is a "wrongfully imprisoned
individual." (Divs. (D), (B), (F)(3), and (H).)

   Definition. "Wrongfully imprisoned individual" is defined
as an individual who satisfies all of the following (div. (A)):

   1. He was charged with an aggravated felony or felony;

   2. He was found guilty of the charged aggravated felony or
felony or of a lesser-included offense that was an aggravated
felony or felony;

   3. He was sentenced to a state penal or reformatory insti-
tution as a result of the conviction;

   4. Subsequent to his sentencing and during or subsequent to
his imprisonment, a court of common pleas determined that the
offense of which he was found guilty, and all lesser-included
offenses, either was not committed by him or was not committed by
any person.

   Court of common pleas functions. The courts of common pleas
have exclusive, original jurisdiction to hear and determine any
action or proceeding brought by a person who satisfies the first
three conditions of the definition of "wrongfully imprisoned
individual" and who seeks a determination of whether the offense
of which he was found guilty, including all lesser-included
offenses, either was not committed by him or was not committed by
any person (thus qualifying under the fourth condition of the

-2-

definition) (sec. 2305.02).  When a court of common pleas makes
such a determination that a person is a wrongfully imprisoned
individual, it must provide him with a copy of the GMCS and
orally inform him and his attorney of his rights under it.  It
also must notify the Clerk of the Court of Claims, in writing and
within seven days, of the name and proposed mailing address of
the individual and of the fact that he has the right to bring an
action under the GMCS.  (Div. (B).)

Clerk of Court of Claims functions.  The Clerk of the Court
of Claims must maintain a list of wrongfully imprisoned indi-
viduals for whom he has received notices from courts of common
pleas and create files for each individual (div. (B)(2)).  The
Clerk must send an individual who does not bring an action under
the GMCS within six months of the court of common pleas
determination a notice of his rights under that statute and
continue such notices every three months (div. (C)).

Procedures in Court of Claims.  A civil action under the
GMCS is determined in the same manner as other actions in the
Court of Claims unless the GMCS provides a different controlling
procedure.  A person bringing such an action can establish that
he is a "wrongfully imprisoned individual" by submitting a
certified copy of the judgment entry of the court of common pleas
making such a determination.  No other evidence is necessary to
establish his status.  (Divs. (D) and (E)(1).)

Recoverable damages.  A wrongfully imprisoned individual is
entitled to recover, upon presentation of necessary proof, the
amount of any fines or court costs paid and attorney's fees
incurred in the criminal proceedings and appeals leading to his
wrongful imprisonment and in obtaining his release from imprison-
ment; $25,000 for each full year of wrongful imprisonment and a
pro-rata share for each part of a year so imprisoned; any loss of
wages, salary, or other earned income that directly resulted from
his arrest, prosecution, conviction, and wrongful imprisonment;
and his attorney's fees for obtaining a judgment in the Court of
Claims.  The Court of Claims cannot take into account any
expenses incurred by the state or any political subdivision in
connection with his arrest, prosecution, or imprisonment.  (Divs.
(E)(2) and (F)(2).)

The Clerk of the Court of Claims must forward a certified
copy of the judgment to the President of the Controlling Board,
which must take all actions necessary to pay the judgment to the
wrongfully imprisoned individual (div. (G)).

Excluded individuals.  The GMCS does not apply to any person
who, prior to the enactment of the GMCS, was the subject of a
moral claims act or an action before the former Sundry Claims
Board for his wrongful imprisonment (div. (H)).

Apx. 00013

-3-

## The bill

Definition of wrongfully imprisoned individual.  The bill would amend the definition of wrongfully imprisoned individual as follows (sec. 2743.48(A)):

1.  To make it applicable only to individuals who did not plead guilty to the offense for which they were imprisoned. Under the bill, a person who is imprisoned for an offense that he did not commit or that was never committed but who pleaded guilty to the offense would not qualify as being wrongfully imprisoned under the GMCS.

2.  To make it applicable only if the individual's conviction is vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney against the individual for any act associated with that conviction.

Jurisdiction of courts of common pleas.  Under the bill, the court of common pleas would continue to have exclusive, original jurisdiction to determine whether the offense of which a person was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person; however, that jurisdiction only would exist if the person, in addition to the three conditions required by existing law to vest jurisdiction in the court, meets the additional conditions set forth in the revised definition of "wrongfully imprisoned individual."  (Sec. 2305.02.)

Applicability.  Section 3 of the bill states that its changes do not apply to any person who was determined to be a wrongfully imprisoned individual by a court of common pleas, as that term was defined before the bill's effective date, and who thus has a right to bring a claim under the GMCS.

| ACTION | DATE | JOURNAL ENTRY |
|---|---|---|
| Introduced | 10-06-87 | p.   1215 |
| Reported, H. Judiciary & Criminal Justice | 03-09-88 | pp. 1560-1561 |

H.B. 623
(As Introduced)

Reps. Gilmore, Davis

Excludes from the coverage of the Generic
Moral Claims Statute any person who pleaded
guilty to the offense for which he is
imprisoned.

CONTENT AND OPERATION

Existing law

Civil action. The Generic Moral Claims Statute (GMCS) (sec.
2743.48 of the Revised Code) creates a civil action against the
state for "wrongfully imprisoned individuals." The Court of
Claims has exclusive, original jurisdiction over such actions.
The action must be brought within two years after a court of
common pleas determines that the individual is a "wrongfully
imprisoned individual." (Divs. (D), (B), (F)(3), and (H).)

Definition. "Wrongfully imprisoned individual" is defined
as an individual who satisfies all of the following (div. (A)):

1. He was charged with an aggravated felony or felony;

2. He was found guilty of the charged aggravated felony or
felony or of a lesser-included offense that was an aggravated
felony or felony;

3. He was sentenced to a state penal or reformatory insti-
tution as a result of the conviction;

4. Subsequent to his sentencing and during or subsequent to
his imprisonment, a court of common pleas determined that the
offense of which he was found guilty, and all lesser-included
offenses, either was not committed by him or was not committed by
any person.

Court of common pleas functions. When a court of common
pleas determines that a person is a wrongfully imprisoned indi-
vidual, it must provide him with a copy of the GMCS and orally
inform him and his attorney of his rights under it. It also must
notify the Clerk of the Court of Claims, in writing and within
seven days, of the name and proposed mailing address of the
individual and of the fact that he has the right to bring an
action under the GMCS. (Div. (B).)

Clerk of Court of Claims functions. The Clerk of the Court
of Claims must maintain a list of wrongfully imprisoned indi-
viduals for whom he has received notices from courts of common
pleas and create files for each such individual (div. (B)(2)).
The Clerk must send any such individual who does not bring an

-2-

action under the GMCS within six months of the court of common pleas determination a notice of his rights under that statute and continue such notices every three months (div. (C)).

Procedures in Court of Claims. A civil action under the GMCS is determined in the same manner as other actions in the Court of Claims unless the GMCS provides a different controlling procedure. A person bringing such an action can establish that he is a "wrongfully imprisoned individual" by submitting a certified copy of the judgment entry of the court of common pleas making such a determination. No other evidence is necessary to establish his status. (Divs. (D) and (E)(1).)

Recoverable damages. A wrongfully imprisoned individual is entitled to recover, upon presentation of necessary proof, the amount of any fines or court costs paid and attorney's fees incurred in the criminal proceedings and appeals leading to his wrongful imprisonment and in obtaining his release from imprisonment; $25,000 for each full year of wrongful imprisonment and a pro-rata share for each part of a year so imprisoned; any loss of wages, salary, or other earned income that directly resulted from his arrest, prosecution, conviction, and wrongful imprisonment; and his attorney's fees for obtaining a judgement in the Court of Claims. The Court of Claims cannot take into account any expenses incurred by the state or any political subdivision in connection with his arrest, prosecution, or imprisonment. (Divs. (E)(2) and (F)(2).)

The Clerk of the Court of Claims must forward a certified copy of the judgment to the President of the Controlling Board, which must take all actions necessary to pay the judgment to the wrongfully imprisoned individual (div. (G)).

Excluded individuals. The GMCS does not apply to any person who, prior to the enactment of the GMCS, was the subject of a moral claims act or an action before the former Sundry Claims Board for his wrongful imprisonment (div. (H)).

The bill

Definition of wrongfully imprisoned individual. The bill would amend the definition of wrongfully imprisoned individual to make it applicable only to individuals who did not plead guilty to the offense for which they were imprisoned (sec. 2743.48(A)(2)). Under the bill, a person who is imprisoned for an offense that he did not commit or that was never committed but who pleaded guilty to the offense would not be permitted to use the GMCS to obtain damages for wrongful imprisonment.

| ACTION | DATE | JOURNAL ENTRY |
|---|---|---|
| Introduced | 10-06-87 | p. 1215 |