IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| SAILOR, *et al.*, | ) | Civil Action NO.: 1:20-cv-00660-DAR |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| vs. | ) | |
| | ) | |
| City of Cleveland, *et al.*, | ) | **KIMBERLY CORRAL'S MOTION TO** |
| | ) | **INTERVENE FOR THE LIMITED** |
| Defendant. | ) | **PURPOSE OF FILING MOTION TO** |
| | ) | **QUASH SUBPOENA** |

Now comes Kimberly Corral/Law Office of Kimberly Corral, by and through undersigned counsel, Friedman Nemecek Long and Grant, L.L.C., and hereby respectfully moves this Court to issue an Order permitting Attorney Corral to intervene in above captioned matter for the limited purpose of filing a Motion to Quash the subpoena *duces tecum* issued by Defendants to Global Tel*Link Corporation on or about August 7, 2024. Reasons for the instant request are explained more fully in the Memorandum in Support, which is attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ Eric C. Nemecek
ERIC C. NEMECEK (0083195)
Counsel for Petitioner
Friedman Nemecek Long & Grant, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

## MEMORANDUM IN SUPPORT

### I.   FACTUAL BACKGROUND

Kimberly Corral is an attorney who is licensed to practice law in the State of Ohio. Kimberly Corral maintains a law practice (hereinafter "Law Office of Kimberly Corral") whose principal place of business is located in the City of Cleveland, Ohio.  Kimberly Corral/Law Office of Kimberly Corral's primary practice area is in post-conviction litigation; as such, the majority of Kimberly Corral/Law Office of Kimberly Corral's clients are incarcerated in State and Federal prisons throughout Ohio and the United States.  In addition to clients who have formally engaged their services, Kimberly Corral/Law Office of Kimberly Corral frequently receive phone calls from inmates who have legal questions and/or are interested in retaining Kimberly Corral/Law Office of Kimberly Corral to represent them in pending or anticipated litigation.

In 2003, Plaintiff, Ru-el Sailor ("Sailor"), was tried and convicted for the murder of Omar Clark ("Omar").  Sailor filed a Motion for New Trial based upon newly discovered evidence – namely, a sworn statement from his co-defendant admitting to shooting Omar and confirming that Sailor was not involved or present at the scene of the crime.  The trial court denied Sailor's Motion and he remained in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC").

In or around 2014, Sailor retained Kimberly Corral/Law Office of Kimberly Corral to represent him in post-conviction proceedings.  Kimberly Corral/Law Office of Kimberly Corral prepared and filed a Memorandum in Support of Jurisdiction with the Ohio Supreme Court.

2

After the Ohio Supreme Court declined to accept jurisdiction, Kimberly Corral/Law Office of Kimberly Corral continued their efforts to try and overturn Sailor's conviction.  The Ohio Innocence Project ("OIP") agreed to get involved in the case as co-counsel with Kimberly Corral/Law Office of Kimberly Corral in or around 2016.

The OIP and Kimberly Corral/Law Office of Kimberly Corral jointly submitted an application to the Cuyahoga County Prosecutor's Office Conviction Integrity Unit ("CIU") in January of 2017.  Over the next several months, the Cuyahoga County Prosecutor's Office reviewed Sailor's case file materials and conducted various witness interviews.  After concluding their investigation, the CIU determined that Sailor was innocent of Omar's murder.

The parties reached an agreement whereby Sailor's convictions would be vacated in exchange for his agreement to enter a plea of guilty to one (1) count of perjury in violation of R.C. § 2921.11(A) and one (1) Count of obstruction of justice in violation of R.C. § 2921.32(A). Sailor appeared in court on March 28, 2018, at which time his convictions were vacated and his plea to the amended charges was accepted.  Sailor was granted credit for the time he served in prison and was released from custody that same day.

Shortly thereafter, Sailor retained the law firm of Friedman, Gilbert and Gerhardstein ("FGG") to represent him in litigation stemming from his wrongful conviction.  Kimberly Corral/Law Office of Kimberly Corral promptly delivered Sailor's file to FGG.  Kimberly Corral/Law Office of Kimberly Corral also filed a Motion to Preserve Sailor's file with the trial court.  After filing the Motion, Kimberly Corral/Law Office of Kimberly Corral did not undertake any further action with respect to Sailor's representation.

On or about August 7, 2024, named Defendants in the instant proceeding, through

3

counsel, issued a subpoena to Global Tel*Link Corporation ("GTL") seeking "Call recordings for all calls placed by any inmate of the Ohio Department of Rehabilitation and Correction" to four (4) different phone numbers from January 1, 2012, to the present. *See* Subpoena and Rider attached hereto as *Exhibit A*. Three (3) of the phone numbers listed belong to Kimberly Corral/Law Office of Kimberly Corral.[1]

Should this Honorable Court grant the instant request and allow Kimberly Corral/Law Office of Kimberly Corral to intervene, counsel intends to file a Motion to Quash Defendants' subpoena to GTL. The subpoena as written seeks the production of all recorded communications between Kimberly Corral/Law Office of Kimberly Corral and inmates at various prisons throughout Ohio and the United States from 2012 until the present. As will be explained more fully in the Motion to Quash, the parties to these communications were attorneys and/or their agents as well as inmates who were either clients or prospective clients of Kimberly Corral/Law Office of Kimberly Corral. Accordingly, all of the communications are subject to the attorney-client privilege and are therefore protected from disclosure.

Apart from the privilege issues, the subpoena is also overly broad and requests materials that are completely irrelevant to the claims and defenses at issue in this case. Defendants have not made any attempt to limit the temporal or contextual scope of the subpoena. Instead, the Defendants' subpoena requests all recorded communications between Kimberly Corral/Law Office of Kimberly Corral and any client or prospective client within the past twelve (12) years. Likewise, the subpoena fails to comply with applicable State and Federal statutes regarding the retention and disclosure of electronically recorded and stored communications.

---

[1] The phone numbers ending in 3167, 7285, and 6579 belong to Attorney Corral and/or her law office.

4

## II.   LAW AND ARGUEMENT

### A.   Intervention is Appropriate

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure. Intervention may be a matter of right or at the discretion of the court. As explained more fully *infra*, both types of intervention are appropriate in this case.

The standards for intervention as a matter of right are set forth in Fed. R. Civ. P. 24(a)(2), which provides that "anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is protected by existing parties."  To intervene as of right under Rule 24(a), the applicant must demonstrate: timeliness of application to intervene; applicant's substantial legal interest in the case; impairment of applicant's ability to protect that interest in the absence of intervention; and inadequate representation of that interest by parties already before the court. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240. 1245 (6th Cir. 1997).

Discretionary intervention under Rule 24(b)(2) may be allowed if the Motion for intervention is timely and there is at least one (1) common question of law or fact. *Id*. at 1248. "So long as the Motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." *Id.*

Intervention in the present case by Kimberly Corral/Law Office of Kimberly Corral is appropriate both as a matter of right and as a matter of discretion. First, the instant Motion is

5

timely.  Kimberly Corral/Law Office of Kimberly Corral was first notified of the subpoena on or about August 9, 2024.  That same day, Kimberly Corral/Law Office of Kimberly Corral retained the undersigned to represent them in these proceedings.  The undersigned immediately contacted representatives for GTL to notify them of counsel's intention to file a Motion to Quash with this Honorable Court based upon, *inter alia*, claims that compliance with the subpoena would violate the attorney-client privilege.  GTL confirmed that it would withhold production of any recorded communications until a Motion to Quash had been presented to – and resolved by – this Honorable Court.

Second, Kimberly Corral/Law Office of Kimberly Corral has a strong interest – as well as an ethical obligation – in maintaining the attorney-client privilege and preserving the confidentiality of all communications with clients and prospective clients over the past twelve (12) years. *See, e.g., Fisher v. United States*, 425 U.S. 391, 402 n. 8 (1976) (noting that it is "universally accepted that the attorney-client privilege may be raised by the attorney"), *citing* C. McCormick, *Evidence 92*, p. 193-197 (2d ed. 1972).  Moreover, permitting Kimberly Corral/Law Office of Kimberly Corral to intervene is particularly important in this case in light of the impracticality of identifying and/or notifying every client or prospective client who Kimberly Corral/Law Office of Kimberly Corral may have spoken with over the telephone during the previous twelve (12) years.[2]

---

[2]  As aforementioned, the scope of the issued subpoena is broad and would encompass conversations that Kimberly Corral/Law Office of Kimberly Corral had with countless clients or prospective clients, all but one of whom are in no way associated with the instant matter. Given the sheer breadth of the subpoena, it would be impracticable – if not impossible – to identify and notify the untold number of clients or prospective clients whose communications would be subject to disclosure.  Thus, permitting Kimberly Corral/Law Office of Kimberly Corral to intervene provides the most efficient and effective means to present and preserve the compelling

Third, Kimberly Corral/Law Office of Kimberly Corral's interest – as well as the interests of their clients and prospective clients – will be irreparably impaired unless intervention is permitted.  Again, Kimberly Corral/Law Office of Kimberly Corral maintain that all of the recorded communications requested by the Defendants' subpoena are subject to attorney-client privilege and therefore protected from disclosure.  If the recorded communications are disclosed, confidentiality will be breached and the clients or prospective clients will suffer irreparable harm. See, e.g., *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (once the communications are surrendered, "confidentiality will be lost for all time.  The status quo could never be restored"); *PepsiCo, Inc. v. Redmond*, 1996 WL 3965, *30 (N.D. Ill. 1996) ("just as it is impossible to un-ring a bell, once disclosed,…confidential information lose their secrecy forever"); *Metro. Life Ins. Co. v. Usery*, 426 F. Supp. 150, 172 (D.D.C. 1976) ("Once disclosed, such information would lose its confidentiality forever").  That is particularly true with respect to clients or prospective clients of Kimberly Corral/Law Office of Kimberly Corral who are engaged – or are likely to be engaged – in litigation against Defendants in unrelated matters.

Fourth, the named parties in this case cannot adequately represent the interests that form the basis for Kimberly Corral/Law Office of Kimberly Corral's request to intervene.  Although Sailor's communications with Kimberly Corral/Law Office of Kimberly Corral would presumably be included within the scope of the Defendants' subpoena, the interests of Kimberly Corral/Law Office of Kimberly Corral, as well as their other clients or prospective clients, will not automatically be protected by Sailor. While Sailor and Kimberly Corral/Law Office of Kimberly Corral have some shared objectives regarding the protection of attorney-client

---

interest(s) at stake.

7

privileged communications, Kimberly Corral/Law Office of Kimberly Corral has a larger and expanded purpose as the current subpoena requests all recorded communications between inmates and Kimberly Corral/Law Office of Kimberly Corral. As such, the subpoena seeks production of communications with countless other clients or prospective clients of Kimberly Corral/Law Office of Kimberly Corral that Sailor lacks standing and/or personal interest to assert.  Kimberly Corral/Law Office of Kimberly Corral's objective of protecting privileged communications with all previous and current clients or prospective clients cannot reasonably be protected by the named parties.

Discretionary intervention is also appropriate in this case, since Kimberly Corral/Law Office of Kimberly Corral's "claim or defense shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(1)(B). Moreover, permitting Kimberly Corral/Law Office of Kimberly Corral to intervene in this matter would not introduce any conflicting or additional facts to the current case.

III.  <u>Conclusion</u>

Accordingly, the Petitioner, Kimberly Corral/Law Office of Kimberly Corral, herby respectfully requests that this Honorable Court issue an order permitting it to intervene in above captioned matter for the limited purpose of filing a Motion to Quash the Defendants' subpoena duces tecum to GTL issued on August 7, 2024.

Respectfully submitted,

Dated: <u>August 16, 2024</u>                    /s/ *Eric C. Nemecek*

8

ERIC C. NEMECEK (0083195)
Counsel for Petitioner
Friedman Nemecek Long & Grant, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 16th day of August, 2024, which will send a notification of such filing to all parties in this matter.

Respectfully submitted,

/s/ Eric Nemecek

ERIC C. NEMECEK
Counsel for Petitioner