UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RU-EL SAILOR, | ) CASE NO.: 1:20-cv-00660 |
| | ) |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| | ) |
| v. | ) |
| | ) |
| CITY OF CLEVELAND, *et al.*, | ) MEMORANDUM AND ORDER |
| | ) |
| Defendants. | ) |

## INTRODUCTION

Now pending is Plaintiff's *pro se* motion for a 90-day extension of all deadlines. R. 99. Defendants oppose further extension. R. 100. For the reasons that follow, Plaintiff's motion is Granted in Part and Denied in Part.[1] The Court will permit one final extension of Plaintiff's deadline to respond to the Defendants' motion to dismiss (R. 88). Plaintiff's deadline to file a response—whether through new counsel or on his own behalf—is no later than January 7, 2025.

## FACTS

The facts relevant to the motion in question are straightforward and briefly stated. On July 1, 2024, Plaintiff's wife was deposed. R. 81. Immediately following the filing of the deposition transcript on July 17, 2024, Plaintiff's attorneys moved to withdraw from the case, and in addition asked that this matter be stayed for 6 months so that Plaintiff could acquire new

---

[1] The Court previously stayed this action, except for briefing on the Defendants' motion to dismiss. As explained herein, the Court also previously extended the deadline for Plaintiff to respond to the motion to dismiss.

counsel, while inviting the Court to conduct an *ex parte* conference if additional information regarding the motion to withdraw was required. R. 82. That motion was followed a few days later by another motion from Plaintiff's attorneys asking for a 90-day extension of case deadlines. R. 87.

Just one day after that filing, the Defendants moved to dismiss the case with prejudice, on July 25, 2024, arguing that the sanction of dismissal with prejudice is warranted because Plaintiff based the lawsuit—alleging *inter alia* wrongful conviction and imprisonment—on a known lie and has continued during the pendency of the suit to perjure himself and to tamper with witnesses. R. 88, Page ID#: 1330. Defendants also opposed Plaintiff's motion to stay the case for 6 months, arguing that 90 days would be sufficient time for Plaintiff to obtain new counsel. R. 89. After Plaintiff moved to stay briefing on the motion to dismiss (R. 90) and replied in support of his motion to stay the case (R. 92), the Court held a telephonic status conference, at the conclusion of which it held all deadlines and filing requirements in abeyance pending an in-person hearing to be conducted on September 18, 2024, to address all pending motions. R. 96.

On September 18, 2024, the Court held that in-person hearing with all counsel and with Plaintiff Ru-el Sailor in attendance. R. 97. While discussing the motion to withdraw, Plaintiff and his counsel confirmed that Plaintiff had decided to discharge his counsel. The Court questioned Plaintiff about his decision and concluded he had full knowledge of the consequences of that decision. Thereafter, the Court permitted Plaintiff to discharge his counsel and deemed the motion to withdraw moot. *Id.* Further, as to Defendants' motion to dismiss, the Court *sua sponte* granted Plaintiff Ru-el Sailor 90 days from the date of the hearing, or until December 17, 2024, to file a response to the motion to dismiss, either through new counsel or

*pro se*. The Court emphasized to Plaintiff that "failure to respond to the motion to dismiss within that period may be construed as a basis for dismissing the action." *Id.*, Page ID#: 2023.

Rather than file a response in opposition to the motion to dismiss, Plaintiff *pro se* filed a two-sentence motion on December 17, 2024, seeking a 90-day extension of all deadlines "due to lack of counsel." R. 99, Page ID#: 2026. Defendants oppose further extension and delay. R. 100.

## ANALYSIS

Plaintiff's motion appears to suggest that the Court's Order on September 17, 2024, granted him 90 days to find new counsel. It did not. The Court granted Plaintiff an additional 90 days (until December 17, 2024) *to file a response* to Defendants' motion to dismiss whether through new counsel or on his own behalf. The Defendants' motion to dismiss, which has now been pending for more than six months, was one the two stated bases for the September 17, 2024 hearing that the Court ordered Plaintiff to attend. The matter of Plaintiff obtaining new counsel or electing to proceed *pro se* is not relevant to the requirement that Plaintiff respond to the Defendants' outstanding motion within the time ordered by the Court.

In addition, while Defendants' potentially dispositive motion has remained unaddressed for nearly six months, Plaintiff has known for almost the same length of time that he would need new counsel or need to prepare a response to Defendants' motion to dismiss by himself. Clearly, Plaintiff believed himself capable of that task when he elected, at the hearing, to discharge his attorneys rather than proceed with a hearing on the attorneys' motion to withdraw. The Court, too, relied on Plaintiff's assurances that he understood the consequences and responsibilities of proceeding without existing counsel when it granted Plaintiff permission to discharge his counsel and set the December 17th deadline. With that background, there is no

basis for another lengthy extension of time and further delay of the deadline for Plaintiff to respond to Defendants' motion to dismiss.

Although Plaintiff's motion fails to provide a sufficient reason for another lengthy extension, the Court will grant one final extension of 21 days from December 17, 2024. Therefore, the **deadline** for Plaintiff to file a response, with new counsel or on his own, to the Defendants motion to dismiss is **January 7, 2025**.

Plaintiff is reminded that it is well-settled that a district court may dismiss an action for failure to prosecute or for failure to comply with an order of the Court. *Muncy v. G.C.R., Inc.*, 110 Fed. App'x 552, 555 (6th Cir. 2004) (citing Fed R. Civ. P. 41(b)); *see also*, *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Plaintiff is expressly notified that failure to respond to Defendants' motion to dismiss by the January 7, 2025 deadline will be construed as a failure to prosecute this action and a failure to obey a court order, subjecting Plaintiff's case to dismissal with prejudice.

## CONCLUSION

Plaintiff's motion (R. 99) is GRANTED in part and DENIED in part as is more fully set forth above. **The deadline for Plaintiff to file a response to Defendants' motion to dismiss is January 7, 2025.** No further extensions.

IT IS SO ORDERED.

Dated:  December 20, 2024　　　　　　　　　　/s/ *David A. Ruiz*
　　　　　　　　　　　　　　　　　　　　　　David A. Ruiz
　　　　　　　　　　　　　　　　　　　　　　United States District Judge