UNITED STATES DISTRICT COURT

NORTHERN DISTRISCT OF OHIO

EASTERN DIVISION



FILED

JAN 0 7 2025

CLERK, U.S. DISTRICT C...
NORTHERN DISTRICT OF OHIO
CLEVELAND

RUEL SAILOR

    Plaintiff,

    v.

CITY OF CLEVELAND, et al.,

    Defendants.

CASE NO.: 1:20-cv00660

JUDGE DAVID A. RUIZ

Now comes RuEl Sailor, asking this Court to deny the City's motion to dismiss.

I'd like to thank the Court for granting an extension to January 7th.

The State has always been aware that I knew who the shooter was, as this information is included in the transcripts. The City used that knowledge to coerce me into accepting a dark plea. During my deposition, I was not truthful when asked about when I became aware of the crime itself. I am willing to correct the record.

At the time of my deposition, I did not realize I had misspoken due to the mental anguish, trauma, and distrust resulting from 15 years of wrongful incarceration. I was fearful and nervous during my deposition. I felt as though I was being interrogated, the same way I felt when I was wrongfully detained in 2003. Once I became aware of my misstatement, I immediately asked my attorney to clarify the record. However, I was informed that they could no longer represent me and was advised to find new counsel.

I have not tampered with witnesses. While I was wrongfully incarcerated, I spoke to my now-wife about how we could encourage witnesses to come forward and tell the truth—not to lie. At the time, we were unaware of any legal consequences of discussing or speaking to witnesses concerning my case. There is absolutely no evidence to support the allegations set forth in the City's motion. The Court should not deny real access to justice based on unfounded speculation.

Being wrongfully imprisoned felt like being held captive. In my desperation to prove my innocence, I discussed various ways to encourage witnesses to come forward and reveal the truth about what actually happened and who was present at the scene of the crime.

A key witness in the case, Clark Williams, recanted his testimony, stating that he was forced to identify me after the crime. Cordell Hubbard confessed to the crime during trial and stated that I had no part in it and was not present. Later, William Sizemore confessed that he was the person who was actually with Cordell Hubbard when the crime occurred. My knowledge of when the crime occurred does not justify my being framed and wrongfully imprisoned for 15 years.

Before the hearing on September 18th, my then-attorneys informed me that I must secure new counsel by that date or my case would be dismissed. I was told that I was no longer being represented by their law firm. However, when I tried to hire new counsel, I was informed that I was still represented by them. During the hearing on September 18th, I discharged my counsel because I felt I was being misinformed and misled. I had been told all along that they no longer represented me, and I was never informed that this was a hearing where they would request their dismissal. I was unaware they would even be present since I was told I must have new counsel by the hearing date.

From July to September, I was repeatedly told by Sarah Gelsomino that Attorneys Jacqueline Greene, Marcus Sidoti, Terry Gilbert, Elizabeth Bonham, and M. Caroline Hyatt of the law firm Friedman Gilbert + Gerhardstein were no longer representing me.

On December 17th, I requested an extension while under the impression that I must have counsel to proceed. I have since learned that I may proceed with counsel or pro se.

Dismissal is not the appropriate remedy in this case. The bottom line is that I was framed and wrongfully incarcerated for a murder I did not commit and for a crime I was nowhere near when it occurred.

I was unable to watch my children grow or witness their accomplishments. I wasn't there for them when they fell or cried. I missed all of their momentous occasions. I wasn't there for my family when my young cousin tragically died, nor was I there when my grandfather passed away. I lost opportunities I will never recover—all because I was wrongfully convicted due to police misconduct and wrongful identification. Since being exonerated, I have become an Entrepreneur, a motivational speaker, community leader, youth mentor and much more. Plain and simple, I was framed for a crime I did not commit. This was not human error; this was due to police misconduct. The actual shooter was in custody before I was even indicted.

Attachments:

Ugene Jones - initial police report

Henry Veverka - transcripts from deposition

Included in the attachments is further support for my claim of wrongful conviction, highlighting inconsistencies from the detectives involved in the case. Detective Jones played a major role in the investigation, yet the City failed to call him as a witness. Furthermore, when subpoenaed, Detective Jones failed to appear.

For all the reasons set forth, this Court should deny the City's motion to dismiss.

*RuEl Sailor* 1/7/25

Plaintiff,

RuEl Sailor