**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Ru-el Sailor, | ) | Case No. 1:20-CV-00660 |
|  | ) |  |
| Plaintiff, | ) | Judge David A. Ruiz |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| City of Cleveland, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

---

**DEFENDANT CITY OF CLEVELAND'S
REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

---

As shown in Plaintiff Ru-el Sailor's recorded phone calls, he picked up Cordell Hubbard after the murder, Hubbard confessed to the murder, and Sailor learned about William Sizemore's involvement. Yet the operative complaint says otherwise and uses these false facts to bring claims. This makes the complaint frivolous, and this Court should award fees and costs. (Mem., ECF No. 108-12.)

In opposition, Sailor argues that because the operative complaint stated a claim for relief, it falls short of frivolous. (Opp., ECF No. 113, PageID # 2473.) But his logic is circular. Cleveland is not challenging the operative complaint. Cleveland is challenging whether the operative complaint matched reality. It did not. And Sailor's failure to marshal evidence gathered during discovery in his opposition brief—and instead rely only on false allegations—confirms that the complaint was frivolous.

Therefore, this Court should award Cleveland its attorney's fees and costs.

## I.    <u>BACKGROUND</u>

In late fall 2002, there was a dispute over payment for a "wet" cigarette. Cordell Hubbard was called for backup. Hubbard arrived. He and William Sizemore tried to deescalate. But Hubbard shot Omar Clark, killing him. See R. 88-2, Page ID#: 1374 (deposition testimony of Ru-el Sailor). Shortly after the shooting, Hubbard called his best friend for a ride, Plaintiff Ru-el Sailor. Hubbard confessed to the murder to Sailor, including the involvement of Sizemore. R. 81-9, Page ID#: 1229-1231 (audio recording of May 3, 2016, prison phone call with reporter, Amy Spence and Ru-el Sailor). The two then went to a party where they posed for pictures and manufactured an alibi. Sailor lied at his murder trial to cover for Hubbard, and both were convicted. Sailor later turned his conviction into a perjury plea, received compensation from the State of Ohio, and sued the City of Cleveland and others for alleged constitutional violations.

The operative complaint alleges that Sailor's criminal trial was unfair. (*See* FAC, ECF No. 43.) The primary allegation is that Sailor never knew about William Sizemore as someone potentially involved in the murder, unlike some of the investigating officers. (*Id.*, ¶ 102–103.) The City of Cleveland paid its outside counsel $256,198 in attorney's fees and incurred $17,830.86 in costs defending the operative complaint. Cleveland also spent significant resources through its own litigation attorneys defending the complaint.

Cleveland moved to recover attorney's fees and costs. (Mot., ECF No. 108.) Sailor opposed. (Opp., ECF No. 113.) Cleveland now replies.

## II.    <u>ANALYSIS</u>

Because Sailor filed a frivolous lawsuit, this Court should award Cleveland $256,198 in attorney's fees, which was reasonable given the stakes of the case and even excludes time spent by Cleveland's Law Department. Cleveland also seeks $17,830.86 in costs.

**A.** **This Court should award Cleveland attorney's fees because Sailor filed a frivolous lawsuit.**

As Cleveland argued, Sailor's lawsuit was frivolous, unreasonable, and without foundation because he alleged that he never knew the shooter until after the trial; and he never knew about William Sizemore, an alternate suspect. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

Sailor concedes that these were false allegations. (*See* Opp., ECF No. 113.) Yet Sailor argues a complaint is only frivolous if the "entire" complaint lacked factual support, and the identified falsehoods are only a few of the paragraphs in a long complaint. (*Id.*, PageID # 2481.) There are many problems with this argument.

First, Sailor relies on *Havensight Cap. LLC v. Nike, Inc.*, No. CV 14-8985-R, 2015 WL 993344, at *3 (C.D. Cal. Feb. 18, 2015) to imply that each paragraph must be false for a complaint to be frivolous. But that misreads *Havensight*. The *Havensight* court did not take a line-by-line approach to the complaint. That is likely because the lawsuit against Nike likely had some true allegations, like the name of the company. Instead, the *Havensight* court found that the core allegations were false, which made the complaint frivolous. *Id.*

Here, the core allegations in Sailor's complaint were false, so the complaint was frivolous. The cornerstone of Sailor's complaint is that he never knew who killed Omar Clark or about William Sizemore. (*See* FAC, ECF No. 43, ¶¶ 102–107.) That was false. As this Court found, Sailor knew these two facts before his criminal trial because Hubbard told him the night of the shooting. (Opinion and Order, ECF No. 106, PageID # 2077.) This means that, contrary to the complaint, Sailor had the "essential facts" needed for his criminal trial. *Clark v. Abdallah*, 131 F.4th 432, 455 (6th Cir. 2025) (citations and quotations omitted); *see also McNeill v. Bagley*, 10 F.4th 588, 604 (6th Cir. 2021) (denying *Brady* claim); *Kelley v. Burton*, No. 22-1135, 2023 WL 2755654, at *5 (6th Cir. Apr. 3, 2023) (denying *Brady* claim). Sailor cannot say his trial was

unfair when he sat on a confession from the murderer and knew about a second witness, William Sizemore. This Court should therefore award Cleveland its attorney's fees.

Sailor then argues that there was a non-frivolous unduly suggestive identification claim related to Mr. Braxton's identification. (Opp., ECF No. 113, PageID # 2743.) This is wrong. First, Sailor provided no evidence of an unduly suggestive identification in opposition. Cleveland has shown that the complaint failed to match reality. Sailor's counter is to reference the complaint—the same complaint with known falsehoods. A complaint is not *evidence* of what happened with Mr. Braxton.

Second, the defendants tried to obtain evidence from Mr. Braxton. But Sailor and his wife interfered and even offered money in exchange for Mr. Braxton's testimony. (Amy Sailor Dep., ECF No. 81-1, tr. 166:25; Ex. R, ECF No. 88-19, DC C63 at 13:05.) When deposed, Mr. Braxton invoked the Fifth Amendment repeatedly, including as it related to his interactions with Sailor and those in his camp:

> Q:	If I asked you any questions about your interactions with Mr. Sailor's attorneys and Mr. Sailor's investigators, either prior to or after his conviction, would you take the Fifth Amendment?
>
> A:	I'm taking the Fifth Amendment now.

(Braxton Dep., tr. 14:10-16.)[1] So not only did Sailor fail in his opposition to provide evidence that the claim was non-frivolous, he prevented the defendants here from obtaining discovery

---

[1]	Because Mr. Braxton invoked the Fifth Amendment, and there is independent evidence, this Court may make the inference that there was inappropriate conduct between Sailor's camp and Mr. Braxton. *See McKamey v. Yerace*, No. 1:24-CV-000037, 2026 WL 117080, at *6 (M.D. Tenn. Jan. 15, 2026) (citing *Hoxie v. Drug Enf't Admin.*, 419 F.3d 477, 483 (6th Cir. 2005)).

4

about those same claims.[2] Thus, Sailor failed to show that this claim was non-frivolous, and this Court should award Cleveland its attorney's fees.

Finally, Sailor also argues that there must have been a non-frivolous claim because he was erroneously convicted. But an erroneous conviction is not evidence of misconduct by the named defendants, Cleveland and the former officers. Sailor's erroneous conviction could be attributed to his perjured criminal trial testimony where he joined hands with the murderer, the systemic error rate of the criminal justice system,[3] or even the Cuyahoga County Prosecutor's Office habit of refusing to provide copies of police reports. *See, e.g.*, *State v. Larkins*, 2003-Ohio-5928, ¶ 26 (8th Dist.) (prosecutors would read portions of police reports at their discretion). As a result, an erroneous conviction cannot turn Sailor's complaint, "largely resting on a false predicate," into a non-frivolous lawsuit against the named defendants. (Opinion and Order, ECF No. 106, PageID # 2079.)

Therefore, this Court should award Cleveland its attorney's fees.

## B.     This Court should award costs.

Cleveland moved for costs as the prevailing party under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Sailor opposes costs only in passing, arguing that costs should not be paid because the claim was not frivolous. (Opp., ECF No. 113, PageID # 2476.) First, the claim was frivolous. Second, frivolousness is not required for costs.

---

[2] Additionally, a suggestive identification claim is part not a viable claim as a matter of law, let alone a standalone claim under § 1983. *Salter v. City of Detroit*, 133 F.4th 527, 543 (6th Cir. 2025) (Nalbandian, C.J., concurring). So Sailor cannot use it to support his argument anyway.

[3] "5% is a conservative estimate of the rate of erroneous convictions in serious criminal cases following trial." Ronald J. Allen, *Ignoring Issues of Morality or Convicting the Innocent, Is Capital Punishment A Good Idea or A Bad Idea?*, 47 TEX. TECH L. REV. 199, 204 (2014).

There is a presumption that the prevailing party receives costs under Fed. R. Civ. P. 54(d). *See Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006). To overcome this presumption, the losing party must show that the prevailing party's expenditures were unreasonable or unnecessary, the prevailing party extended the proceedings, the prevailing party's recovery is so insignificant that the judgment amounts to victory for the defendant, the case is close and difficult, and the losing party's good faith. *Obergefell v. Firelands Reg'l Med. Ctr.*, No. 3:20-CV-2579, 2026 WL 668280, at *1 (N.D. Ohio Mar. 10, 2026) (citations and quotations omitted).

Sailor waived arguing those factors here so this Court should grant judgment to Cleveland. Alternatively, these factors all favor Cleveland as the costs were reasonable: Cleveland tried to limit the costs of this case (*See, e.g.*, Mot. to Bifurcate, ECF No. 48); Cleveland moved to terminate the proceedings before summary judgment (Mot., ECF No. 88); and Sailor failed to act in good faith when he brought this lawsuit.

Therefore, Sailor cannot overcome the presumption that Cleveland is entitled to costs as the prevailing party.[4]

### C. Sailor's other arguments miss so this Court should grant Cleveland its attorney's fees.

Sailor's remaining arguments in opposition miss the mark, so this Court should award Cleveland its attorney's fees and costs.

#### 1. This Court need not hold a hearing.

Cleveland moved for fees and provided evidence, including declarations and hundreds of pages of invoices. (*See* Invoice, ECF No. 108-2.) Sailor provided no counter to this evidence.

---

[4] Cleveland identified 28 U.S.C. § 1920 in the relevant portion of its memorandum. (Mem., ECF No. 108-12, PageID # 2458.) Sailor is correct that Cleveland is not seeking fees against a lawyer as allowed by 28 U.S.C. § 1927. (Opp., ECF No. 113, PageID # 2478.)

(Opp., ECF No. 113.) Instead, Sailor asked this Court to "set an evidentiary hearing with adequate advance notice for Sailor to prepare and supply evidence in rebuttal . . . ." (*Id.*, PageID # 2483.) This Court should follow the Sixth Circuit and reject this request. *See, e.g.*, *Bowman v. City of Olmsted Falls*, 802 F. App'x 971, 975 (6th Cir. 2020).

In *Bowman*, a city moved for attorney's fees and costs for defending a frivolous claim and provided sworn testimony and a summary of services. *Id.* The opposing party failed to challenge the reasonableness of the fees and costs but contended that he was entitled to a hearing. *Id.* The district court rejected that argument and the Sixth Circuit affirmed: "The controlling legal principle, then, is that parties to a fee dispute do not have the right to an evidentiary hearing on demand." *Id.* (quoting *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 303 (1st Cir. 1995)); *see also Cremeans v. Taczak*, No. 2:19-CV-02703, 2025 WL 2772454, at *13 (S.D. Ohio Sept. 26, 2025) (citing *Trs. for Michigan Laborers Health Care Fund v. E. Concrete Paving Co.*, 948 F.2d 1290 (6th Cir. 1991)).

Because this Court has ample evidence to award Cleveland its attorney's fees and costs, this Court need not hold a hearing. Additionally, this unnecessary hearing would harm Cleveland. Cleveland has faced years of litigation and unnecessary attorney's fees and costs. Cleveland incurred the expenses of outside counsel and its own litigation team. To make its request more than reasonable, focused only on expenditures directly paid by taxpayers: attorney's fees from outside counsel and costs. A full evidentiary hearing would multiply the proceedings and create more burden on the taxpayers of Cleveland and this Court. Therefore, this Court should follow the Sixth Circuit and award Cleveland its attorney's fees and costs without the duplicative work of a hearing.

**2.    A § 1988 fee award remains available after dismissal with prejudice.**

Sailor then argues that, because this Court already considered and rejected attorney's fees as a sanction, attorney's fees should not be awarded here. (Opp., ECF No. 113, PageID # 2471.) Sailor provides no case law for this argument. It also misreads this Court's opinion. This Court declined to issue the sanction of shifting fees. (Opinion and Order, ECF No. 106, PageID # 2080.) But that is because shifting fees alone was not a harsh enough penalty. (*Id.*). It was too lenient. (*Id.*). Dismissing the complaint with prejudice and then awarding attorney's fees under § 1988 was not considered by this Court and is not foreclosed now. Additionally, a motion for attorney's fees under § 1988 comes after judgment, so Cleveland could not have moved for attorney's fees under this section until now. Awarding attorney's fees here furthers this Court's interest in deterrence. Deterrence is important when jury verdicts in similar cases range from $750,000 to tens of millions of dollars.[5]

Therefore, this Court should award Cleveland its attorney's fees and costs.

## III.    <u>CONCLUSION</u>

Because Sailor filed a frivolous lawsuit and Cleveland prevailed, this Court should award Cleveland its attorney's fees and costs.

---

[5] Cherone, Heather, *Jury Awards $750K to Man Who Spent 17 Years in Prison After Being Wrongfully Convicted of 1989 Murder*, February 20, 2026, WTTW *available at* https://news.wttw.com/2026/02/20/jury-awards-750k-man-who-spent-17-years-prison-after-being-wrongfully-convicted-1989; Cherone, Heather, *Jury Awards $120M to 2 Men Wrongfully Convicted of 2003 Murder, Setting New Chicago Record*, March 10, 2025, WTTW *available at* https://news.wttw.com/2025/03/10/jury-awards-120m-2-men-wrongfully-convicted-2003-murder-setting-new-chicago-record.

Respectfully submitted,

MARK GRIFFIN (0064141)
Law Director

*s/ Matthew R. Aumann*
William M. Menzalora (0061136)
CHIEF ASSISTANT DIRECTOR OF LAW
Matthew R. Aumann (0093612)
ASSISTANT DIRECTOR OF LAW
City of Cleveland, Department of Law
601 Lakeside Avenue E., Room 106
Cleveland, OH  44114
Telephone: (216) 664-2675
wmenzalora@clevelandohio.gov
maumann@clevelandohio.gov

*Attorneys for Defendant City of Cleveland*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties through the Court's electronic filing system.

*s/ Matthew R. Aumann*
Matthew R. Aumann (0093612)

9